■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST DUVALL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that he was deprived of his right to effective assistance of counsel because his attorney failed to make a motion to suppress physical evidence seized from the apartment of his girlfriend. To prevail, defendant must demonstrate that there was no legitimate explanation for counsel's failure to make the motion *(see, People v Garcia,* 75 NY2d 973, 974; *People v Rivera,* 71 NY2d 705, 709). The record establishes that the search was made with the written consent of defendant's girlfriend, who lived in the apartment. Defendant has not shown that there was no legitimate explanation for counsel's failure to make the motion. We further conclude that defendant received meaningful representation at trial *(see, People v Baldi,* 54 NY2d 137, 147).

We also reject defendant's contention that the trial court erred in admitting physical items and testimony tending to establish that defendant was engaged in cocaine trafficking. That proof was relevant to and probative of defendant's intent to sell *(see, People v Calada,* 154 AD2d 700, 701, *lv denied* 75 NY2d 811; *see also,* Penal Law § 220.16 [1]). (Appeal from Judgment of Monroe County Court, Wisner, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.