■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. STAUFFER, Appellant. [609 NYS2d 467] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that the court erred in accepting his *Alford* plea *(see, North Carolina v Alford,* 400 US 25, 37). The prosecutor set forth on the record the proof that the People would offer at trial. That proof, coupled with the remarks of defense counsel and the admission by defendant that he was guilty of driving while intoxicated, constituted "strong evidence of actual guilt" of the crime of attempted reckless endangerment in the first degree *(North Carolina v Alford, supra,* at 37; *see also, People v Friedman,* 39 NY2d 463, 466).

Defendant further contends that he was denied effective assistance of counsel because his trial counsel made no pretrial motions before advising defendant to plead guilty to two felonies. We disagree. The failure of counsel "to make a pretrial motion, even one that might be successful, does not, per se, constitute ineffective assistance of counsel" *(People v De Pillo,* 168 AD2d 899, 900, *lv denied* 78 NY2d 965; *see, People v Arnold,* 188 AD2d 1020, *lv denied* 81 NY2d 836). "To prevail, defendant must demonstrate that there was no legitimate explanation for counsel's failure to make the motion" *(People v Duvall,* 190 AD2d 988, *lv denied* 81 NY2d 1013; *see, People v Garcia,* 75 NY2d 973, 974; *People v Rivera,* 71 NY2d 705, 709). That burden has not been met in this case. Under the circumstances of this case, we conclude that defendant received meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147).

(Appeal from Judgment of Steuben County Court, Scudder, J. —Attempted Reckless Endangerment, 1st Degree.) Present— Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.