■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SESSION, Appellant. [636 NYS2d 709] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree, defendant contends that the jury verdict is against the weight of the evidence because the proof did not show that defendant acted with intent to cause the death of the victim. That contention lacks merit. From our review of the record, we conclude that the verdict is supported by the evidence *(see, People v Bleakley, 69 NY2d 490, 495; People v Dixon, 214 AD2d 1010)*. (Appeal from Judgment of Monroe County Court, Smith, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BARLOW, Appellant. [635 NYS2d 905] —Judgment unanimously affirmed. Memorandum: We reject the argument of defendant that he was denied effective assistance of counsel by counsel's failure to move for a *Wade* hearing to explore the possible suggestive nature of a showup identification procedure that occurred prior to the preliminary hearing. The victim had an independent basis for his identification of defendant; thus, the failure of counsel to move for a *Wade* hearing did not "seriously compromise[ ] * * * defendant's right to a fair trial" *(People v Hobot,* 84 NY2d 1021, 1022).

The record on appeal is insufficient for us to review the contention of defendant, made in his *pro se* supplemental brief, that the court improperly denied his *pro se* motion for reassignment of counsel. Because the record is silent on that issue, it should be raised in a motion pursuant to CPL 440.10.

The sentence is neither unduly harsh nor severe, and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Robbery, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.