■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUSTAFA WALIYUDDIN, Appellant. [730 NYS2d 905] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion for new assigned counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides,* 75 NY2d 822, 824; *see, People v Sawyer,* 57 NY2d 12, 18-19, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178). Here, the court made an appropriate inquiry and determined that there was no good cause for substitution of assigned counsel (*see, People v Kirkman,* 269 AD2d 808, 808-809, *lv denied* 95 NY2d 836; *cf., People v Sides, supra,* at 824-825). Defendant further contends that he received ineffective assistance of counsel because counsel failed to request a *Wade* hearing to determine whether the photo array was unduly suggestive. Defendant failed to establish that there was no legitimate explanation for that failure (*see, People v Stauffer,* 202 AD2d 1041, *lv denied* 83 NY2d 915; *People v De Pillo,* 168 AD2d 899, 900, *lv denied* 78 NY2d 965). The witness who viewed the photo array and identified defendant at trial had an independent basis for her identification, and counsel could have concluded that any motion to suppress the identification would have been unsuccessful (*see, People v Claitt,* 222 AD2d 1038, *lv denied* 88 NY2d

982; *People v Barlow,* 222 AD2d 1123, *lv denied* 88 NY2d 876). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.