■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO DIAZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's contention pursuant to *Batson v Kentucky* (476 US 79) has not been preserved for our review by timely objection *(see,* CPL 470.05 [2]; *People v Harris,* 151 AD2d 961). Were we to address this issue, we would conclude that the prosecutor proffered reasonably specific race-neutral reasons for use of peremptory challenges to exclude four black members of the jury panel *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US —, 114 L Ed 2d 395; *People v Adams,* 163 AD2d 881, *lv denied* 77 NY2d 875). The trial court properly allowed testimony of prior negotiations between defendant and the undercover police officer because they were inextricably interwoven with the crimes charged in the indictment *(see, People v Ventimiglia,* 52 NY2d 350, 361; *People v Civitello,* 152 AD2d 812, 813, *lv denied* 74 NY2d 947). Each of defendant's remaining contentions lacks merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.