■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER BRADLEY, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Prior to trial, defendant was offered a plea bargain contingent on his codefendant's acceptance of a similar offer. When the codefendant rejected his offer, he and defendant proceeded to trial. Whether a defendant should be offered a plea rests in the discretion of the prosecutor, and there was nothing improper about the offer made in this case *(see, People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Brown,* 144 AD2d 975, 976, *lv denied* 73 NY2d 889; *see also, People v Esajerre,* 35 NY2d 463, 466). The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence harsh or excessive *(see, People v Rodriguez,* 111 AD2d 524, 525; *see also, People v Pena, supra,* at 411-412).

We have examined defendant's other contentions and find them to be without merit *(see, People v Diaz,* 177 AD2d 982, *lv denied* 79 NY2d 855). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.