■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COPELAND, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contentions that he was denied due process by the court's failure to consider a certain pre-trial identification of defendant during a *Wade* hearing and the People's failure to produce civilian witnesses, who may have provided information that might have influenced the witness' identification of defendant. The robbery victim's observation of defendant at a nightclub more

than a month after the event was happenstance and not a police-arranged procedure, and her identification of defendant to police minutes later was confirmatory in nature. Neither identification came within the scope of *United States v Wade* (388 US 218) or CPL 710.30 *(see, People v Whisby,* 48 NY2d 834; *People v Knight,* 156 AD2d 588, *lv denied* 75 NY2d 920; *People v Green,* 149 AD2d 919, *lv denied* 74 NY2d 810). The People were not obliged to produce witnesses who may have provided information to the victim regarding the identity of defendant nor were the People obliged to elicit testimony from the victim. Such testimony would not have been relevant on the issue of suggestiveness of police procedures *(see, People v Myrick,* 66 NY2d 903; *People v Irick,* 145 AD2d 507, *lv denied* 73 NY2d 978). Also without merit is defendant's contention that he was denied effective assistance of counsel. (Appeal from Judgment of Erie County Court, D'Amico, J.—Robbery, 3rd Degree.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.