■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FOMBY, Appellant. [600 NYS2d 667] —Judgment unanimously affirmed. Memorandum: After weighing the probative strength of the conflicting testimony at trial and the relative strength of the conflicting inferences that may be drawn from that testimony *(see, People v Bleakley,* 69 NY2d 490, 495), we conclude that defendant's conviction is not against the weight of the evidence.

Defendant raised no objection to the jury verdict before the jury was discharged and, therefore, failed to preserve for review his contention that the verdict was repugnant *(see,* CPL 470.05 [2]; *People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Duncan,* 177 AD2d 187, *lv denied* 79 NY2d 1048).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN GALLOWAY, Appellant. [600 NYS2d 667] —Judgment unanimously affirmed. Memorandum: The trial court specifically instructed the jury that the People bore the burden of proving each element of the crimes charged beyond a reasonable doubt. Defendant's contention that the court's charge concerning the affirmative defenses of duress and entrapment had the effect of diminishing the People's burden of proof has not been preserved for our review *(see, People v Thomas,* 50 NY2d 467, 472) and we decline to review the alleged error in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.