The court properly denied discovery of documents and notes that formed the basis of the laboratory report concluding that the substance sold by defendant to the undercover officer was cocaine. Those documents and notes were not discoverable under article 240. Rather, they constitute *Rosario* material and were properly made available to defendant at trial *(see, People v Christopher,* 101 AD2d 504, 525, *revd on other grounds* 65 NY2d 417; *see also, People v Strong,* 60 AD2d 792).

Defendant failed to preserve for our review his contention that the read-back of testimony of certain defense witnesses requested by the jury during deliberations "was not in compliance with CPL 310.30, written jury procedure" *(see, People v Goldbeck,* 218 AD2d 670), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Lastly, we conclude that the sentence imposed is neither unduly harsh nor severe. "The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence harsh or excessive" *(People v Bradley* [appeal No. 1], 184 AD2d 1041, *lv denied* 80 NY2d 927). Moreover, "the mere fact that other cases, decided under differing factual circumstances, reveal a lesser sentence for the same crime does not warrant disturbing the trial court's exercise of discretion" *(People v Quezada,* 145 AD2d 950, 951; *see also, People v Hoppe,* 47 AD2d 571). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, David and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS STEPHENS, Appellant. (Appeal No. 2.) [632 NYS2d 991] —Judgment unanimously affirmed. Same Memorandum as in *People v Stephens* ([appeal No. 1] 219 AD2d 854 [decided herewith]). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS STEPHENS, Appellant. (Appeal No. 3.) [632 NYS2d 992] —Judgment unanimously affirmed. Same Memorandum as in *People v Stephens* ([appeal No. 1] 219 AD2d 854 [decided herewith]). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.

■ In the Matter of LESTER I. CRANDALL, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York