■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TASCARELLA, Appellant. [643 NYS2d 277] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, following a jury trial, of three counts each of forgery in the second degree and petit larceny, defendant contends that the prosecutor, by characterizing the People's proof as uncontradicted, improperly commented upon defendant's failure to testify. Defendant's contention is not preserved for our review (*see,* CPL 470.05 [2]; *People v Staples*, 212 AD2d 1052). In any event, the remark was "not of such character as would naturally and reasonably be interpreted by the jury as adverse comment on defendant's failure to take the stand" (*People v Burke*, 72 NY2d 833, 836, *rearg denied* 72 NY2d 953; *see also, People v Staples, supra*). Moreover, upon defendant's request, County Court instructed the jury that no inference could be drawn from defendant's failure to testify.

Defendant further contends that he was prejudiced by having to wear a leg restraint during trial. While the court should have articulated on the record its reasons for requiring the leg restraint (*see, People v Rouse*, 79 NY2d 934, 935; *People v Sykes,*

224 AD2d 986), the record establishes that the leg restraint was concealed by defendant's sweat pants and thus was not visible to the jury (*cf., People v Houk*, 222 AD2d 1074; *People v Nelson*, 221 AD2d 945).

Defendant's contention that the court's charge concerning the jury's determination of the facts improperly diminished the People's burden of proof has not been preserved for our review (*see, People v Autry*, 75 NY2d 836; *People v Galloway*, 193 AD2d 1097, *lv denied* 82 NY2d 754). Were we to reach the merits of that contention, we would conclude that the charge as a whole conveyed the proper burden of proof to the jury (*see, People v Clark*, 190 AD2d 989, *lv denied* 81 NY2d 968).

Defendant's sentence was neither unduly harsh nor severe. " 'The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence harsh or excessive' " *(People v Stephens,* 219 AD2d 854, *lv denied* 87 NY2d 851, quoting *People v Bradley* [appeal No. 1], 184 AD2d 1041, *lv denied* 80 NY2d 927). We note that defendant committed additional crimes between the time of the plea offer and the time of sentencing. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Forgery, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Wesley and Balio, JJ.