■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PITTS, Appellant. [648 NYS2d 406] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the first and third degrees. By moving for suppression of identification evidence, defendant waived his right to challenge the sufficiency of the People's CPL 710.30 notice (see, People v Merrill, 226 AD2d 1045; see also, People v Kahley, 227 AD2d 934). County Court properly denied the suppression motion because the identification of defendant by complainant on the street six days after she had been raped was happenstance and not the product of police-arranged procedures (see, People v Whisby, 48 NY2d 834; People v Copeland, 186 AD2d 1023, 1024, lv denied 81 NY2d 787).

We reject defendant's contention that the court erred in refusing to admit into evidence a police report prepared by an investigator who was called as a witness by defendant. Although the report may have qualified as a business record under CPLR 4518 (a) (see, People v Guidice, 83 NY2d 630), a proper foundation for its admission was not established (see, People v Cratsley, 86 NY2d 81, 89). The contention that the People bolstered complainant's testimony with evidence of prior consistent statements is unpreserved for our review (see, CPL 470.05 [2]; People v Tinsley, 159 AD2d 602), and we decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (see, CPL 470.15 [6] [b]). "The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence harsh or excessive" (People v Bradley [appeal No. 1], 184 AD2d 1041, lv denied 80 NY2d 927; see, People v Stephens [appeal No. 1], 219 AD2d 854, 855, lv denied 87 NY2d 851).

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Smith, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Wesely, Callahan and Davis, JJ.