■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JONES, Appellant. [653 NYS2d 1009] —Judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree and unauthorized use of a motor vehicle in the third degree. We reject the contention of defendant that County Court erred in denying his motion to suppress statements he made to the police on January 18, 1995 regarding a robbery on January 1, 1995. Although defendant's right to counsel had attached on January 3, 1995 with respect to a pending charge of criminal possession of stolen property, that charge was unrelated to the robbery that occurred on January 1 (see, People v Marin, 215 AD2d 267, appeal dismissed 88 NY2d 931; see also, People v Robles, 72 NY2d 689; People v Horn, 161 AD2d 603, 604, lv denied 76 NY2d 894). Thus, defendant's representation on the pending charge did not preclude the police from questioning defendant about the robbery in the absence of counsel (see, People v Bing, 76 NY2d 331).

Defendant further contends that prosecutorial misconduct deprived him of a fair trial. We disagree. The first instance of purported misconduct involves testimony that defendant's brother, a police officer, identified defendant in bank surveillance photographs. Because defendant failed to object to that testimony, his contention is unpreserved for our review (see, CPL 470.05 [2]). In any event, the prosecutor did not act improperly in eliciting that testimony. The second instance of purported misconduct occurred during summation when, in discussing defendant's statements and waiver of Miranda rights, the prosecutor stated that defendant had been arrested before and was not new to the system. In our view, those statements constituted fair comment on the evidence adduced at trial, which established that defendant had been arrested on both January 2, 1995 and January 18, 1995 (see, People v Plant, 138 AD2d 968, lv denied 71 NY2d 1031).

The evidence at trial, when viewed in the light most favorable to the People (see, People v Williams, 84 NY2d 925, 926), is legally sufficient to support defendant's conviction, and the jury's verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We further conclude that defendant was not deprived of effective assistance of counsel at trial. The evidence, the law and the circumstances of this case demonstrate that defendant received meaningful representa-

tion (*see, People v Baldi*, 54 NY2d 137, 146-147; *People v Hart*, 227 AD2d 916).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). "The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence harsh or excessive" (*People v Bradley* [appeal No. 1], 184 AD2d 1041, *lv denied* 80 NY2d 927).

All concur, Wesley, J., not participating. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.