■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SULIMAN D. AEID, Appellant. [663 NYS2d 1022] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his statement to the police was involuntary because it was induced by their false representation that witnesses saw him going back to the bar where the crime occurred (*see, People v Tarsia,* 50 NY2d 1, 11; *People v Robinson,* 201 AD2d 931, 932, *lv denied* 83 NY2d 875; *People v Foster,* 193 AD2d 692, 693, *lv denied* 82 NY2d 717; *People v Hassell,* 180 AD2d 819, 820, *lv denied* 79 NY2d 1050). "An examination of the totality of the circumstances surrounding defendant's [statement] establishes that the [statement] was voluntary" (*People v Scott,* 212 AD2d 1047, *affd* 86 NY2d 864; *cf., People v Anderson,* 42 NY2d 35).

In light of the heinous nature of the crime, we conclude that the sentence is neither unduly harsh nor severe. The contention of defendant that he was penalized by the sentencing court for exercising his right to a trial is without merit (*see, People v Jones,* 236 AD2d 780; *People v Bradley* [appeal No. 1], 184 AD2d 1041, *lv denied* 80 NY2d 927).

Finally, defendant's remaining contention has not been preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.