■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. WASHINGTON, JR., Appellant. [910 NYS2d 733]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered June 20, 2006. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the first degree (Penal Law § 125.27 [1]), defendant contends that Supreme Court erred in refusing to suppress his statements to the police because they knew he was represented by counsel on unrelated charges. We reject that contention. Although we agree with defendant that the investigating officers knew that he was represented by counsel on unrelated charges, defendant was questioned only with respect to the present charges, and we conclude that he knowingly and voluntarily waived his *Miranda* rights and did not invoke his right to counsel (*see People v Scaccia*, 6 AD3d 1105 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Jones*, 236 AD2d 780 [1997], *lv denied* 89 NY2d 1036 [1997]; *see generally People v Steward*, 88 NY2d 496, 500-502 [1996], *rearg denied* 88 NY2d 1018 [1996]; *People v Bing*, 76 NY2d 331, 348-351 [1990], *rearg denied* 76 NY2d 890 [1990]).

We further conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The record belies the contention of defendant that defense counsel failed to inform him of his right to withdraw the plea. Defendant acknowledged in his plea colloquy that he had discussed the plea with defense counsel, that he was satisfied with defense counsel's performance, and that he discussed with defense counsel the fact that he would not be allowed to withdraw his plea in the event that he violated the plea agreement (*see generally People v Cobb*, 19 AD3d 506 [2005], *lv denied* 5 NY3d 827 [2005]). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.