██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. ROLAND, Appellant.—Judgment unanimously affirmed. Memorandum: For the first time on appeal, defendant asserts that his statements to the police were obtained in violation of his right to counsel *(see, People v Bartolomeo,* 53 NY2d 225). Although this issue was not raised in the suppression court, the record establishes that the police had been advised by defendant at the time of this interrogation of a pending charge against him, but did not inquire whether he was represented by counsel. Because the police failed to inquire, they are bound by what such an inquiry would have revealed *(see, People v Bartolomeo, supra,* at 231-232). On this record, however, defendant has failed to meet his burden to establish that he was in fact represented by counsel on the earlier charge at the time of interrogation *(see, People v Rosa,* 65 NY2d 380, 386-388; *People v Kinchen,* 60 NY2d 772, 773-774; *People v Ryans,* 118 AD2d 741). Accordingly, defendant has failed to establish that his statements were taken in violation of his right to counsel. Further, even if we were to conclude that the suppression court erred in failing to suppress defendant's statements, reversal would not be required. The proof of defendant's guilt was overwhelming and there was no reasonable possibility that this error, if any, might have contributed to defendant's conviction and it was harmless beyond a reasonable doubt *(see, People v Rivera,* 57 NY2d 453, 456; *People v Crimmins,* 36 NY2d 230, 237).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—burglary, second degree, and other charges.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.