■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McGEE, Appellant.—Case held, decision reserved, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Defendant was convicted, after a jury trial in 1981, of two counts of robbery in the first degree. He contends on appeal that his written statement admitting participation in three robberies, made to a Federal agent who interrogated him following his arrest by the State Police, was taken in violation of his right to counsel. The statement, read into the record at the *Huntley* hearing, stated at the outset: "I also told the agents that I have two outstanding arrest warrants. One for robbery and one for assault." A redacted version of defendant's statement was used at trial.

Actual knowledge of defendant's representation on an outstanding unrelated charge renders ineffective a purported waiver of the assistance of counsel and precludes custodial interrogation in the absence of counsel *(People v Rogers,* 48 NY2d 167). Actual knowledge of outstanding charges imposes upon the interrogating officer a duty to inquire if defendant is represented on those charges *(People v Bartolomeo,* 53 NY2d 225, 231-232). As defendant was arrested and eventually tried under the New York State Penal Law, he is entitled to these

protections *(see, People v Couch,* 74 AD2d 582; *see, e.g., People v Griminger,* 71 NY2d 635, 641). Thus, pursuant to *Bartolomeo,* the Federal agent had a duty to inquire whether defendant was represented once he learned of the outstanding warrants *(cf., People v Simpson,* 110 Misc 2d 43, 52-54). Because the *Rogers* rule applies to cases still on appellate review and because the record is insufficient to determine this issue, the hearing must be reopened *(see, People v Tindal,* 92 AD2d 717). A record must be developed with respect to the following: whether defendant was represented by counsel, and at what point the special agent first knew or should have known that there were outstanding warrants. (Appeal from judgment of Supreme Court, Erie County, Sedita, J.—robbery, first degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.