■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS SAMUEL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's primary contention on appeal is that his statement to the police, in which he admitted participating in the July 19, 1979 attempted robbery of the M & T Bank and shooting a bank guard, was taken in violation of his right to counsel. Because defendant's conviction occurred prior to the determination in *People v Bartolomeo* (53 NY2d 225), and because the present record is insufficient to determine his claim, we normally would remit the matter and reopen the *Huntley* hearing to develop a record on that issue *(see, People v McGee,* 155 AD2d 878; *People v Tindal,* 92 AD2d 717). Nevertheless, given the unique circumstances of this case, we conclude that remittitur is unnecessary. Even assuming that defendant's confession was admitted in violation of his right to counsel, the error was harmless *(see, People v Almestica,* 42 NY2d 222, 226; *People v Crimmins,* 36 NY2d 230, 242).

The evidence of defendant's guilt is overwhelming. Two customers in the bank identified defendant as one of the robbers and testified that he was the man with the gun. Milton Jones testified that, approximately one-half hour after the bank robbery, defendant went to his home, was nervous and shaking, had blood on his clothes, and was carrying a pearl-handled .357 magnum gun. Jones testified that defendant told him that he had been involved in a robbery and that, when the guard went for his gun, he shot him. Ronald Amerson, one of the other participants in the robbery, also testified that defendant participated in the robbery and shot the bank guard. Given the overwhelming evidence of defendant's guilt in the record, we conclude that there is no reasonable possibility that defendant's confession, even if erroneously admitted, contributed to his conviction *(see, People v Flecha,* 60 NY2d 766, 767).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.