The People of the State of New York, Respondent, v Thomas Peyton, Appellant. [665 NYS2d 218] —Judgment unanimously affirmed. Memorandum: County Court properly determined that the photo array identification procedure used by the investigating officer was not unduly suggestive (*see, People v James*, 185 AD2d 702, *lv denied* 80 NY2d 930). We conclude that the court properly denied defendant's motion to dismiss

the indictment pursuant to CPL 30.30. The People announced their readiness for trial within the statutory period, and all periods of post-readiness delay were attributable to defendant's request for new counsel and defendant's pretrial motions.

The court did not err in denying defendant's request to charge criminal trespass in the second degree (Penal Law § 140.15) as a lesser included offense of burglary in the second degree (Penal Law § 140.25 [2]). Although criminal trespass in the second degree is a proper lesser included offense of burglary in the second degree, i.e., it is theoretically impossible to commit the greater offense without concomitantly committing the lesser (*see, People v Glover,* 57 NY2d 61, 63), there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*People v Scarborough,* 49 NY2d 364, 369-370; *see also, People v Suarez,* 148 AD2d 367, 369). A prosecution witness testified that he saw defendant forcibly enter the dwelling and leave some time later carrying a VCR. Defendant testified that he did not commit the crimes charged. Thus, there is no reasonable view of the evidence from which the jury could conclude that defendant forcibly entered the house without intending to commit a crime therein (*see, People v Scarborough, supra,* at 369-370; *see also, People v Palmer,* 216 AD2d 883, 884, *lv denied* 86 NY2d 799).

We reject the contention of defendant that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.