*People ex rel. Vega v Smith,* 66 NY2d 130, 139). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Hayes, Pigott, Jr., Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE C. TYLER, Appellant. (Appeal No. 1.) [676 NYS2d 391] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Cayuga County Court, Corning, J.—Assault, 3rd Degree.) Present—Lawton, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE C. TYLER, Appellant. (Appeal No. 2.) [676 NYS2d 391] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Cayuga County Court, Corning, J.—Burglary, 3rd Degree.) Present—Lawton, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO VASQUEZ, Appellant. [676 NYS2d 382] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court erred in refusing to charge criminal trespass in the second degree (Penal Law § 140.15) as a lesser included offense of burglary in the second degree (Penal Law § 140.25 [2]). There is no reasonable view of the evidence that defendant unlawfully entered the dwelling but did not intend to commit a crime therein (*see, People v Peyton,* 244 AD2d 976, *lv denied* 91 NY2d 896; *People v Clarke,* 233 AD2d 831, *lv denied* 89 NY2d 1010, 90 NY2d 856).

We reject the contention of defendant that his statements to the police were obtained in violation of his right to counsel. The statements were made while defendant was in jail on a pending unrelated charge, and defendant failed to meet his burden of establishing that he was represented by an attorney on that charge at the time of the interrogation (*see, People v Rosa,* 65 NY2d 380, 387; *People v Roland,* 152 AD2d 1002, *lv denied* 75 NY2d 775). Further, the statements were never introduced or referred to at trial.

In light of defendant's prior criminal record, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VENTURA, Appellant. [676 NYS2d 391] —Judgment unani-