■ **The People of the State of New York, Respondent, v Anthony Hollis, Appellant.** [682 NYS2d 141] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered April 6, 1995, convicting defendant, after a jury trial, of assault in the second degree, assault in the third degree and obstructing governmental administration in the second degree,

and sentencing him to a term of 5 years probation on the second-degree assault conviction and conditional discharges on the remaining convictions, unanimously affirmed.

Defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence, and upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). The issues raised by defendant regarding discrepancies between the testimony of the officers who testified for the prosecution were properly placed before the jury, and we find no reason to disturb its determination. Defendant failed to preserve his claim that the officer he assaulted was not performing a lawful duty when injured, a necessary element of Penal Law § 120.05 (3) and we decline to review it in the interest of justice. Were we to review the claim, we would reject it. Even assuming, arguendo, that the officer was not following police guidelines, such guidelines do not have the force of law.

The court properly charged accessorial liability over defendant's objection. Defendant received fair notice of the People's intention to proceed on a theory of accessorial liability, and a defendant may be properly convicted as an accomplice where the indictment accuses him only as a principal (*People v Rivera*, 84 NY2d 766).

The prosecutor's conversation with a discharged juror prior to summation was not misconduct (*see*, Code of Professional Responsibility DR 7-108 [D] [22 NYCRR 1200.39 (d)]) and did not require further inquiry. Since the jurors are presumed to have followed the court's instructions not to discuss the case, there is no indication that the prosecutor could have acquired any knowledge of the remaining jurors' attitudes toward the case. In any event, since defense counsel learned of the substance of this conversation before summations, the prosecutor could not have gained any unfair advantage. Concur— Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.