■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL McNEAR, Appellant. [696 NYS2d 611] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50 [1]) and other crimes. We reject the contention of defendant that his statement to a police officer was obtained in violation of his right to counsel. Defendant made the statement while he was in custody after arraignment on an unrelated charge, and defendant failed to meet his burden of establishing that an attorney had been assigned on that charge or that he had requested counsel (*see, People v Rosa,* 65 NY2d 380, 387-388; *People v Vasquez,* 252 AD2d 989, *lv denied* 92 NY2d 907; *cf., People v Burdo,* 91 NY2d 146, 149-150). In any event, any error in failing to suppress the admission of defendant that he was present in the house on the night that one of the victims was attacked is harmless (*see, People v Crimmins,* 36 NY2d 230, 237; *People v Samuel,* 161 AD2d 1175, *lv denied* 76 NY2d 864).

We also reject defendant's contention that County Court erred in refusing to grant defense counsel's request to postpone the commencement of trial. "The decision whether to grant an adjournment is ordinarily committed to the sound discretion of

the trial court" (*People v Spears,* 64 NY2d 698, 699). That discretionary power is more narrowly construed where a fundamental right is involved (*see, People v Spears, supra,* at 700). We conclude, however, that the court did not abuse its discretion here. In view of the Public Defender's previous involvement with the case, the reassignment to the Public Defender the day before jury selection did not hamper the defense (*see, People v Queeglay,* 237 AD2d 896, *lv denied* 90 NY2d 866; *People v Houk,* 222 AD2d 1074, 1075; *cf., People v Snyder,* 297 NY 81; *People v Douglas,* 19 AD2d 455), nor did the fact that two Assistant Public Defenders conducted some parts of the trial.

Defendant failed to preserve for our review his contention that the evidence of forcible compulsion (Penal Law § 130.00 [8]) is insufficient to sustain his conviction of first degree rape (*see, People v Gray,* 86 NY2d 10, 19; *People v Fenton,* 234 AD2d 921, *lv denied* 89 NY2d 1011). In any event, that contention lacks merit (*see, People v Ayala,* 236 AD2d 802, *lv denied* 90 NY2d 855; *People v Hill,* 163 AD2d 852, *lv denied* 76 NY2d 940).

The verdict with respect to counts four through eight is not against the weight of the evidence (*see, People v Ayala, supra; see generally, People v Bleakley,* 69 NY2d 490, 495). The similarities in the complainants' testimony do not render that testimony incredible as a matter of law (*see, People v Steele,* 168 AD2d 937, 938-939, *lv denied* 77 NY2d 967).

Although the court granted defense counsel's request that the court ask the jurors whether they had received any information about the case outside of the trial, defense counsel failed to renew his request when the court did not so inquire. Thus, defendant waived his contention that the court erred in failing to question the jurors (*see, People v Whalen,* 59 NY2d 273, 280; *People v Giles,* 142 AD2d 946, *lv denied* 72 NY2d 1045; *see also, People v Wilson,* 156 AD2d 1002). In any event, that contention lacks merit. Nothing in the record indicates that the jury failed to follow the court's repeated instruction not to discuss the trial and to inform the court if anyone attempted to do so (*see, People v Hollis,* 256 AD2d 59).

Defendant failed to object to the jury charge and thus failed to preserve for our review his contentions concerning error in the charge (*see,* CPL 470.05 [2]). In any event, the charge as a whole conveyed the proper standard (*see, People v Cahill,* 220 AD2d 608, *lv denied* 87 NY2d 920).

Defendant further contends that the prosecutor's improper comments on summation emphasized defendant's failure to

testify and thus that reversal is required. With regard to those alleged instances that are preserved for our review, we conclude that they are " 'not of such character as would naturally and reasonably be interpreted by the jury as adverse comment on defendant's failure to take the stand' " (*People v Tascarella,* 227 AD2d 888, *lv denied* 89 NY2d 867, quoting *People v Burke,* 72 NY2d 833, 836, *rearg denied* 72 NY2d 953). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Genesee County Court, Noonan, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.