■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TORRENCE, Appellant.—Judgment unanimously af-

firmed. Memorandum: Defendant contends that he was deprived of the effective assistance of counsel because his attorney failed to make any pretrial motion (1) to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30, (2) to suppress eyewitness identification testimony, (3) to suppress a statement made by defendant, and (4) for discovery. No claim is advanced that counsel's representation during trial was inadequate, and we perceive no basis for such a claim.

We are persuaded that a dismissal motion on speedy trial grounds, if made, would not have been successful (see, People v Sinistaj, 67 NY2d 236; People v McBride, 126 Misc 2d 272; People v White, 115 Misc 2d 800). The trial record fails to demonstrate that counsel's failure to make other pretrial motions prejudiced his defense at trial. Counsel aggressively cross-examined the eyewitnesses regarding their inability to identify defendant positively from photographs as well as other circumstances pertaining to their identification. Both witnesses gave a reasonable explanation for their inability to identify defendant positively from photographs, and their trial testimony was strong and unequivocal. The trial record reveals that defendant's inculpatory statement was given spontaneously during a conversation initiated by defendant. Although counsel made no discovery motions, there is no proof that he failed to undertake an adequate investigation of facts or that he was unprepared for trial (see, People v Droz, 39 NY2d 457, 462; People v LaBree, 34 NY2d 257, 260). The mere fact that pretrial motions were not made does not indicate ineffective assistance of counsel (People v Taylor, 105 AD2d 814; People v Bonk, 83 AD2d 695). The trial record fails to establish that defendant suffered any prejudice as a result of counsel's pretrial inactivity, and we cannot conclude from the record before us that he was deprived of meaningful representation (see, People v Love, 57 NY2d 998, 1000).

We find that the evidence was legally sufficient to support the jury verdict, and that the verdict was not contrary to the weight of evidence (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—robbery, first degree, and another offense.) Present— Dillon, P. J., Doerr, Green, Balio and Davis, JJ.