■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY KINSEY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction for attempted assault in the second degree and leaving the scene of an accident, defendant urges that numerous errors occurred during the trial and sentencing and that the failure of trial counsel to object or otherwise challenge these errors deprived him of effective assistance of counsel. We do not agree.

None of the claims of error has merit, and trial counsel cannot be faulted for failing to make objections or to raise issues on which he would not have prevailed *(see, People v Torrence,* 135 AD2d 1075, *lv denied* 70 NY2d 1011). Defendant has failed to demonstrate that his trial counsel did not provide meaningful representation *(see, People v Baldi,* 54 NY2d 137). (Appeal from judgment of Monroe County Court, Celli, J.— attempted assault, second degree, and another charge.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WALDEN, Appellant.—Judgment unanimously affirmed. Memorandum: We have examined defendant's contentions on appeal and find them to be without merit. The court did not allow improper opinion testimony. The witness merely explained the circumstances of defendant's second statement to police. In any event, the testimony, if erroneously admitted, was harmless *(see, People v Crimmins,* 36 NY2d 230). Moreover, defendant was not entitled to a directive limiting the prosecutor's cross-examination of him at the suppression hearing *(see, People v Kennedy,* 70 AD2d 181; *People v Blackwell,* 128 Misc 2d 599). Finally, the sentencing court did not abuse its discretion in sentencing defendant to concurrent terms of 25 years to life on three counts of murder in the second degree. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—murder, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.