■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN T. ARNOLD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of sexual abuse in the first degree and sodomy in the first degree, stemming from sexual conduct with his

nine-year-old daughter. There is no merit to defendant's contentions that the verdict was not supported by legally sufficient evidence and that the verdict was contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

We also reject defendant's contention that he was deprived of effective assistance of counsel. The failure to make pretrial motions does not necessarily constitute ineffective assistance of counsel (People v Mandigo, 176 AD2d 386; People v Torrence, 135 AD2d 1075, 1076, lv denied 70 NY2d 1011). To warrant the conclusion that pretrial inactivity rendered counsel's representation less than meaningful, defendant must show that he suffered prejudice, for example, that counsel failed to undertake an adequate investigation or was unprepared for trial (see, People v Torrence, supra; see also, People v Droz, 39 NY2d 457) and that the failure to make motions was not premised on a legitimate strategy (see, People v Mandigo, supra, at 387). That burden has not been met in this case. Although defense counsel should have objected to the improper admission of evidence of prior uncharged crimes, that failure did not constitute ineffective assistance. Counsel effectively cross-examined prosecution witnesses, elicited a rational defense, and presented a strong and cogent summation. Under the circumstances, we conclude that trial counsel's representation of defendant, viewed in its entirety, was meaningful (see, People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 147).

Defendant's contentions that the court erred by admitting evidence of prior uncharged crimes and by admitting irrelevant and bolstering testimony of the victim's mother were not preserved for appellate review (see, CPL 470.05 [2]; People v Mann, 172 AD2d 1010, 1011, lv denied 78 NY2d 969). Moreover, because defendant was tried without a jury, we presume that the trial court relied only upon competent evidence in reaching its decision (see, People v Mann, supra, at 1010-1011). Neither those alleged evidentiary errors nor alleged prosecutorial misconduct deprived defendant of a fair trial, and we decline to review those contentions in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Allegany County Court, Feeman, Jr., J.—Sexual Abuse, 1st Degree.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.