■ The People of the State of New York, Respondent, v Eriberto Peguero-Castillo, Appellant. [608 NYS2d 27] —Judgment unanimously affirmed. Memorandum: The evidence is sufficient to support defendants' convictions for conspiracy and criminal possession of cocaine, and those convictions are not against the weight of the evidence. The proof adduced by the

People compels the inference that defendants exercised "dominion and control" over the narcotics found at 1309 South Geddes Street as part of a drug selling conspiracy. The surveillance officers observed a pattern of activity in which a series of "visitors" arrived at 214 Rowland Street, whereupon one of the defendants or their codefendant would leave that location and proceed, generally alone, to 1309. Each defendant was observed entering and leaving 1309 by use of a key to unlock and relock the front door. Each defendant stayed only minutes at 1309 before returning to the original location, whereupon the "visitors" to that location would immediately emerge and depart. In at least two instances, surveillance officers observed a hand-to-hand exchange between one of the defendants or their accomplice and one of the "visitors". Subsequently, when police entered 1309 and searched it pursuant to a warrant after having placed it under surveillance for hours, they observed that it was furnished with only a table and found a large quantity of cocaine, various packaging materials, and a large amount of cash on the premises. In our view, the People's proof concerning the repeated presence of defendants on the premises, in circumstances set forth herein, established beyond a reasonable doubt their involvement in packaging drugs and selling them to their "visitors". Moreover, the proof that defendants repeatedly gained access to the locked premises established their dominion and control over the premises and the drugs.

With respect to the issue raised by defendants on the resubmission, we conclude that *People v Burts* (78 NY2d 20) is distinguishable and does not compel reversal. In this case, it has never been held that the identification procedure was improper or that the jury otherwise "heard impermissible in-court identification evidence" *(People v Burts, supra,* at 23). Indeed, defendants in this case have never challenged the court's *Wade* determination. Unlike in *Burts,* the remittal here was not to give the People a "second bite of the apple" on the issue of independent basis, but to permit defendants to cross-examine the prosecution witnesses at the Wade hearing. (Resubmission of Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Callahan, Green, Pine and Lawton, JJ.