■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO LOPEZ, Appellant. [618 NYS2d 114] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 7, 1992, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), sodomy in the first degree, and sodomy in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the instant crimes beyond a reasonable doubt. One of the complainants, who had ample opportunity to observe the defendant during the incident, identified the defendant at a subsequent lineup and in court. In addition, an accomplice testified that the defendant was the perpetrator. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim that his lineup was unduly suggestive because the stand-ins were younger and weighed less than him is without merit. There is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Baptiste,* 201 AD2d 659; *People v Rotunno,* 159 AD2d 601). An examination of the lineup photograph reveals that the stand-ins were similar to the defendant in terms of hair style, facial hair, skin coloring, and dress. Furthermore, the defendant's age and weight did not single

him out for identification *(see, Neil v Biggers,* 409 US 188). Therefore, the hearing court did not err in declining to suppress the eyewitness's lineup identification.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.