◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL K. JACKSON, Appellant. [620 NYS2d 486] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered March 9, 1993, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the photographic array from which he was identified was not impermissibly suggestive. Review of the array demonstrates that a majority of the subjects had skin tones similar to that of the defendant, especially when differences in lighting among the various photographs are taken into account. Similarly unavailing is the defendant's claim that his photograph was highlighted because he was clean-shaven. Other photographs in the array depicted individuals who also were clean-shaven or who had extremely sparse facial hair, and as the hearing court accurately observed, the lighting in the defendant's photo made it impossible to discern whether the defendant had facial hair. The defendant's claim that the array was rendered suggestive by the presence of height markings in the photos is likewise without merit, since height markings were either not discernable or not present in a majority of the photographs, and the complainant's immediate identification of the defendant's picture demonstrates that the complainant did not engage in comparing the height of the subjects before making his selection. Accordingly, the individuals depicted in the photographic array were sufficiently similar to the defendant in general physical appearance, including age, coloration, build, attire, pose, and facial features, to negate any likelihood of misidentification, and we discern no basis for disturbing the hearing court's determination denying suppression *(see generally, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Blake,* 170 AD2d 613; *People v Henderson,* 170 AD2d 532;

*People v Thomas,* 133 AD2d 867; *People v Mattocks,* 133 AD2d 89). The defendant's additional challenges to the array are unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, lack merit.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the trial court's verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.