■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE E. BUTLER, Appellant. [626 NYS2d 613] —Judgment unanimously affirmed. Memorandum: Defendant was accused of raping the complainant in her home. After lengthy and prob-

ing cross-examination regarding the details of the occurrence, the complainant called defense counsel "asshole" and threatened to "punch him in the nose." County Court declared a recess, and the complainant ran from the witness stand and burst out crying in the presence of the jury. No objection was raised by defendant until the following morning, at which time he moved for a mistrial. The court denied the motion and no curative instructions were requested or given. The court did not abuse its discretion in denying the motion and its failure to give a curative instruction, *sua sponte,* was not error. The emotional outburst of the complainant was not the equivalent of the exclamation made by the witness in *People v Tucker* (133 AD2d 787, *lv denied* 70 NY2d 878) of her certainty that defendant was the perpetrator. Here, the complainant lost control only after prolonged cross-examination and her outburst was directed at defense counsel rather than in support of the People's case.

Defendant did not object to the prosecutor's questioning of prospective jurors during voir dire, thereby failing to preserve his challenge to that questioning for review *(see,* CPL 470.05 [2]). Were we to reach it, we would conclude that, in light of the proof the prosecutor intended to present, his questions did not deprive defendant of a fair trial.

The prosecutor's comments in summation did not deprive defendant of a fair trial. Further, no objection to them was raised by defendant and thus, that challenge is unpreserved *(see,* CPL 470.05 [2]). In any event, the prosecutor's references to the outburst of the complainant and to defendant's prior robbery conviction were in response to comments in defendant's summation *(see, People v Anthony,* 24 NY2d 696, 703-704, *rearg denied sub nom. People v Batten,* 25 NY2d 647; *People v Draksin,* 145 AD2d 500, 501, *lv denied* 74 NY2d 895; *People v Marchese,* 140 AD2d 547, 549, *lv denied* 72 NY2d 1047). Additionally, the prior conviction was admitted by defendant in his direct examination. In light of the admission by defendant that he had sexual intercourse with the complainant, we reject his contention that he was prejudiced by the prosecutor's remark that defendant, a married man, "cheated on his wife." Although the prosecutor's references to defendant as a "wacko" and "maniac" were inappropriate, they were made in connection with the reaction of the complainant to defendant on the day of the incident and did not improperly exceed the bounds of summation *(see, People v Shields,* 58 AD2d 94, 96-97, *affd* 46 NY2d 764).

Lastly, we conclude that the court's isolated reference to the complainant as "the victim" in response to an inquiry from the jury during its deliberations did not deprive defendant of a fair trial. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Rape, 1st Degree.) Present—Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.