■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY RIDDICK, Appellant. [645 NYS2d 80] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered May 10, 1994, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the photographic ar-

ray from which he was identified was not impermissibly suggestive. The individuals depicted in the photographic array were sufficiently similar to the defendant in general physical appearance (*see, People v Jackson,* 211 AD2d 644). Likewise, there is nothing in the record to suggest that the two lineup identification procedures were improper. The two lineup photographs reveal that the stand-ins were similar to the defendant in terms of facial hair, skin coloring, and dress, and that nothing about the defendant singled him out for identification (*see, People v Lopez,* 209 AD2d 442). Thus, we discern no basis for disturbing the hearing court's determination denying suppression of either of these two identification procedures.

We further find that the trial court properly precluded the introduction of the defendant's exculpatory statement made to Detective Loggia following his arrest. The defendant proposed to offer the statement through the testimony of the detective upon direct examination. The law does not permit the defendant to avoid taking the witness stand and to avoid being cross-examined by allowing his story to be presented through the hearsay testimony of another witness (*see, People v Williams,* 203 AD2d 498).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.