■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. WALKER, Appellant. [652 NYS2d 441] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third and fifth degrees. He failed to preserve for our review the contention that the evidence is legally insufficient to prove that he knew the weight of the substance (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the contention that the evidence is legally insufficient to prove that defendant possessed the cocaine. Thirteen glassine packages of cocaine were found concealed under a patch of grass that lifted as if on a hinge. During several minutes of surveillance, defendant was the only person to go near that patch, and he restricted another person's access to that area. Thus, defendant exercised dominion and control sufficient to constitute constructive possession of the cocaine (*see,* Penal Law § 10.00 [8]; *People v Johnson,* 209 AD2d 721, 722, *lv denied* 84 NY2d 1033; *People v Peguero-Castillo,* 199 AD2d 1061, *lv denied* 83 NY2d 856). We also conclude that the jury verdict is not contrary to the weight of evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant contends that he was denied effective assistance of counsel because his attorney failed to seek suppression of evidence seized at the time of arrest and failed to make other pretrial motions. Defendant fails, however, to demonstrate that he suffered prejudice, i.e., that, because defense counsel failed to make certain pretrial motions, he failed to undertake an adequate investigation or was not prepared for trial (*see, People v Arnold,* 188 AD2d 1020, 1021, *lv denied* 81 NY2d 836; *People v Torrence,* 135 AD2d 1075, 1076, *lv denied* 70 NY2d 1011). The failure to make pretrial motions does not compel the finding that counsel was ineffective (*see, People v Arnold, supra; People v Torrence, supra*), and we conclude that, viewed as a whole, counsel's representation was meaningful (*see, People v Satterfield,* 66 NY2d 796, 798-800; *People v Baldi,* 54 NY2d 137, 147).

There is no merit to the contentions that the prosecutor's comments on summation or the cumulative effect of trial errors denied defendant a fair trial. The comments concerning witness credibility were fair response to defense counsel's summation (*see, People v Dunbar,* 213 AD2d 1000, *lv denied* 85 NY2d 972), and the two isolated comments tending to denigrate the defense were not so egregious as to deprive defendant of a fair trial (*cf., People v Mott,* 94 AD2d 415).

The contention that the sentence is unduly harsh or severe

because inflicted as punishment for insisting upon a trial also lacks merit. At sentencing, the court merely restated the view that sentences offered in plea negotiations frequently are more lenient than those imposed after trial, when the court is not bound by its promise and has the opportunity to consider the facts proven at trial and the detailed information presented in the pre-sentence investigation report. The record establishes that the sentence was based upon defendant's demeanor, lack of remorse and extensive criminal history, not upon defendant's decision to reject the plea offer (see, People v Barnes, 219 AD2d 527, lv denied 87 NY2d 919). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.