■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENCESLAO AYALA, Appellant. [654 NYS2d 59] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree and two counts of sodomy in the first degree. We reject his contention that the evidence is legally insufficient to establish that he acted with forcible compulsion. Forcible compulsion is defined, *inter alia*, as "a threat, express or implied,

which places a person in fear of immediate death or physical injury" (Penal Law § 130.00 [8] [b]). "The proper focus is on the state of mind produced in the victim by the defendant's conduct" (*People v Thompson*, 72 NY2d 410, 416, *rearg denied* 73 NY2d 870). Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we conclude that it is sufficient to establish forcible compulsion. The victim testified that defendant parked the car in which she was a passenger in a deserted lot and forcibly prevented her from leaving the car. She testified that she complied with his demands because, based upon the look in his eyes and the fact that he raised his hand in a threatening manner, she feared that he would harm her (*see, People v LaRocco*, 167 AD2d 557; *People v Hill*, 163 AD2d 852, 853, *lv denied* 76 NY2d 940). Further, upon weighing the relative probative force of the conflicting testimony, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Long*, 224 AD2d 949, *lv denied* 88 NY2d 967).

The court did not abuse its discretion in concluding that defendant could be cross-examined with respect to prior convictions in Pennsylvania for rape, terroristic threats and robbery. The similarity of the past crimes does not preclude their use on cross-examination (*see, People v Cowell*, 170 AD2d 343, *lv denied* 77 NY2d 993), and the court properly weighed the probative weight of those crimes against the risk of unfair prejudice to defendant (*see, People v Sandoval*, 34 NY2d 371, 375).

We reject the contention that, because his assigned counsel failed to seek dismissal of the indictment pursuant to CPL 30.30, defendant was denied the right to effective assistance of counsel. Defendant has not shown that the motion, if made, would have been successful and has failed to establish that counsel failed to provide meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Torrence*, 135 AD2d 1075, 1076, *lv denied* 70 NY2d 1011). There is no merit to the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Rape, 1st Degree.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.