■ In the Matter of the Arbitration between BOARD OF EDUCATION OF ALEXANDRIA CENTRAL SCHOOL DISTRICT, Appellant, and ALEXANDRIA CENTRAL FACULTY ASSOCIATION et al., Respondents. (Appeal No. 2.) [690 NYS2d 473] —Order unanimously affirmed without costs (*see, Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Arbitration.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE WILLIS, Appellant. [690 NYS2d 796] —Judgment unanimously affirmed. Memorandum: The contention of defendant that Supreme Court improperly disparaged his alibi defense during jury selection is not preserved for our review (*see,* CPL 470.05 [2]; *People v Butler,* 214 AD2d 1014, 1015, *lv denied* 86 NY2d 791, 89 NY2d 920). In any event, it was the prosecutor, and not the court, who questioned the potential jurors regarding defendant's alibi defense. Were we to address this issue, we would conclude that the prosecutor's questions were an attempt to discern any possible bias and did not deprive defendant of a fair trial (*see, People v Butler, supra,* at 1015; *see generally, People v South,* 233 AD2d 910, *lv denied* 89 NY2d 989). We reject defendant's contention that counsel was ineffective. Counsel's failure to make pretrial motions generally does not by itself establish ineffective assistance of counsel (*see, People v Rivera,* 71 NY2d 705, 709). Defendant has failed to show that the motions, if made, would have been successful and that counsel otherwise failed to provide meaningful representation (*see, People v Leeper,* 254 AD2d 754; *People v Claitt,* 222 AD2d 1038, *lv denied* 88 NY2d 982). In addition, defendant has failed to show the absence of a tactical or other legitimate explanation for the remaining alleged errors of counsel (*see, People v Garcia,* 75 NY2d 973, 974; *People v Montana,* 71 NY2d 705, 709). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Robbery, 1st Degree.) Present—Green, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.