■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SIERRA, Appellant. [713 NYS2d 871] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered February 3, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 8 years, unanimously affirmed.

Defendant failed to preserve his claim that the prosecutor did not lay the foundation required by CPL 60.25 for the admission of testimony from police officers who recounted the victim's identification of defendant moments after the knifepoint robbery, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record as a whole establishes that the victim was unable to make an in-court identification due to a lack of present recollection. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WILSON, Also Known as GARY JOHNSON, Also Known as GARY HARRIS, Appellant. [713 NYS2d 866] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered June 22, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. There was ample evidence of intent to sell, and defendant's acquittal of the sale charge does not warrant a different conclusion (see, People v Rayam, 94 NY2d 557).

The court properly exercised its discretion in denying defendant's mistrial motion after a testifying officer shook his head and made a facial expression of disgust, in the jury's presence, upon being compelled to reveal the name of an undercover officer. Defendant's claim that the court should have delivered a curative instruction is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the officer's reaction was directed at counsel and was unlikely to have caused defendant any prejudice, and did not rise to the level of emotional outburst for which curative instructions are required (see, People v Butler, 214 AD2d 1014, lv denied 86 NY2d 791).

We perceive no abuse of sentencing discretion. Concur— Mazzarelli, J. P., Ellerin, Wallach and Saxe, JJ.