■ The People of the State of New York, Respondent, v Gregory Hill, Appellant. [722 NYS2d 652] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, County Court did not err in allowing the rebuttal testimony of the arresting officer despite the failure of the People to disclose that testimony on their CPL 710.30 notice. The complainant testified that he heard intruders in his house and went downstairs to investigate. Two men ran out of his home, and he chased them down the street. He caught up with one of the men, whom he identified as defendant. The police arrived and arrested defendant. At the close of the People's case, the prosecutor informed the court that, if defendant testified that he was not in the area of the complainant's residence on the night of the burglary, he would recall the arresting officer to testify that she observed defendant and a man who fit the description of the second perpetrator in the area of the burglary earlier that same evening. The court properly held, over defendant's objection, that the proposed rebuttal testimony of the arresting officer was proper. A prosecutor may impeach the

testimony of a defendant through rebuttal testimony (*see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047). Although the People failed to disclose on the CPL 710.30 notice that they had "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case" (CPL 710.30 [1] [b]), the People did not offer that testimony as evidence-in-chief. A CPL 710.30 notice is not required where the rebuttal testimony is offered solely for the purpose of impeachment (*see generally, People v Rigo,* 273 AD2d 258, 258-259, *lv denied* 95 NY2d 937; *People v Skinner,* 251 AD2d 1013, *lv denied* 92 NY2d 930, 1038; *People v Spinks,* 205 AD2d 842, 844, *lv denied* 84 NY2d 833).

Contrary to the contention of defendant, he received effective assistance of counsel. Defendant failed to show that, had counsel moved for a *Huntley* hearing, his statements would have been suppressed (*see, People v Leeper,* 254 AD2d 754, *lv denied* 93 NY2d 973; *see also, People v Walker,* 234 AD2d 962, 963, *lv denied* 89 NY2d 1042). Indeed, the statements made by defendant at the time of his arrest were exculpatory and were not used by the People as evidence-in-chief. Counsel's alleged failure to seek discovery does not constitute ineffective assistance of counsel in the absence of any showing by defendant that there was additional discovery material that was not received by defendant (*see generally, People v Walker, supra,* at 963).

The court did not abuse its discretion in admitting in evidence a videotape of the crime scene (*see, People v Scutt,* 254 AD2d 807, 807-808, *lv denied* 92 NY2d 1038). The People established an adequate foundation for the admission of the videotape through the complainant's testimony that it accurately depicted the crime scene except for the fact that the videotape was made during the daytime and the burglary occurred at night.

The court properly precluded defense counsel from questioning the arresting officer concerning self-serving exculpatory statements made by defendant at the time of his arrest because those statements constituted inadmissible hearsay (*see, People v Middleton,* 247 AD2d 713, 714, *lv denied* 92 NY2d 856; *see also, People v Weston,* 249 AD2d 496, *lv denied* 92 NY2d 931; *People v Riddick,* 229 AD2d 453, 454, *lv denied* 88 NY2d 993). We reject defendant's contention that the statements were not offered for the truth of the matter asserted therein but to show the arresting officer's state of mind. The statements were irrelevant unless offered to prove the truth of the matter asserted

therein (*see, People v Reynoso,* 73 NY2d 816, 818-819; *People v Starostin,* 265 AD2d 267, *lv denied* 94 NY2d 885; *People v Middleton,* 143 AD2d 1053, 1055). Finally, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Erie County Court, Drury, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Burns, JJ.