■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON CARTER, Appellant. [721 NYS2d 849] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of counsel based upon the failure of defense counsel to request a hearing to determine whether his statement to the police should have been suppressed as the product of an illegal arrest. Defendant has failed to show that a motion to suppress on that ground, "if made, would have been successful and that counsel otherwise failed to provide meaningful representation" (*People v Willis,* 261 AD2d 946, *lv denied* 93 NY2d 1029). The police were dispatched at 2:30 A.M. to investigate an alarm at a clothing store, where they observed defendant exit through a door that had obviously been pried open. The police properly asked defendant his name (*see generally, People v De Bour,* 40 NY2d 210, 223), and defendant made a statement in response to that inquiry. Supreme Court properly denied defendant's motion to suppress the statement as involuntarily made (*see, People v Wiesmore,* 204 AD2d 1003, 1003-1004, *lv denied* 84 NY2d 873), and defendant has failed to show that the court would have suppressed his statement if defense counsel had sought a probable cause hearing. Upon our review of the record, we conclude that defendant was provided meaningful representation (*see, People v Benevento,* 91 NY2d 708, 712-713). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Burglary, 3rd Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Burns, JJ.