■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ROMAN, Appellant. [724 NYS2d 607] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered April 27, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Defendant's intent to sell the additional drugs recovered from his person was established by evidence that he sold drugs to an undercover officer, and his acquittal of the sale charge does not warrant a different conclusion (*see, People v Rayam*, 94 NY2d 557; *People v Wilson*, 276 AD2d 274, *lv denied* 95 NY2d 940).

Defendant's right to be present at sidebar questioning of prospective jurors was not violated when the court questioned and excused a prospective juror who was a retired detective with extensive narcotics experience. Even assuming, arguendo, that the inconclusive record establishes defendant's absence, defendant's presence was not required because the excusal of the prospective juror was clearly in the nature of a *sua sponte* dismissal for cause (*see, People v Maher*, 89 NY2d 318, 325).

Defendant failed to preserve his claims that the People imposed an improper condition upon their plea offer and that he was deprived of his statutory right to plead guilty to the entire indictment pursuant to CPL 220.10 (2), and we decline to review them in the interest of justice. Were we to review these claims, we would find that neither claim is supported by the record, which reveals that plea negotiations broke down when the People insisted, as is their right (*People v Cohen*, 186 AD2d 843; *People v Harmon*, 181 AD2d 34, 38), that defendant plead guilty to all the counts of the indictment, whereupon defendant refused to plead guilty to resisting arrest.

We perceive no basis for reduction of sentence. The court properly exercised its discretion in directing that the instant sentences be served consecutively to defendant's sentence for his conviction for an additional crime committed while this case was pending. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.