■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JURJENS, Appellant. [737 NYS2d 891] —Appeal from a judgment of Ontario County Court (Doran, J.), entered

September 29, 2000, convicting defendant after a jury trial of felony driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]). Defendant contends that he received ineffective assistance of counsel because defense counsel failed to move for inspection of the grand jury minutes, for a probable cause hearing, and for a *Huntley* hearing. We disagree. The failure to make pretrial motions does not, by itself, constitute ineffective assistance of counsel (*see, People v Rivera,* 71 NY2d 705, 709; *People v Willis,* 261 AD2d 946, *lv denied* 93 NY2d 1029). Rather, a defendant must "demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing" (*People v Rivera, supra* at 709), and defendant failed to do so here (*see, People v Waliyuddin,* 286 AD2d 915; *People v Workman,* 277 AD2d 1029, 1031-1032, *lv denied* 96 NY2d 764; *People v Willis, supra*). The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of representation, establish that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147; *People v Valentin,* 212 AD2d 1052, *lv denied* 85 NY2d 915).

The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Marek,* 284 AD2d 994; *People v Rutledge,* 277 AD2d 960, 961, *lv denied* 96 NY2d 738). Furthermore, "[t]he fact that defendant was sentenced to a term of incarceration greater than that offered as part of a pretrial plea offer does not render the sentence unduly harsh" (*People v Maddox,* 272 AD2d 884, 885, *lv denied* 95 NY2d 867; *see, People v Stephens,* 219 AD2d 854, 855, *lv denied* 87 NY2d 851). Contrary to the contention of defendant, there is no indication that the sentence imposed was "inflicted as punishment for insisting upon a trial" (*People v Walker,* 234 AD2d 962, 964, *lv denied* 89 NY2d 1042). The sentence is not otherwise unduly harsh or severe. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.