THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SNIDER, Appellant. [770 NYS2d 250]—

Appeal from a judgment of Ontario County Court (Harvey, J.), entered September 26, 2002, convicting defendant after of jury trial of, inter alia, criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We reject the contention of defendant that County Court erred in denying his motion seeking to suppress statements made to police after he was given *Miranda* warnings. Defendant stated, "you guys cost me some money tonight" and, when asked by police what he meant by that statement, defendant told police that he intended to sell the marihuana and crack cocaine found in his possession at a nearby bar and that he expected to receive a total of $200 from the sales. Although the police witness testified that he believed that defendant was impaired by drugs when he made those statements, we conclude that the evidence presented at the suppression hearing "establishes that defendant 'was not intoxicated to such a degree that he was incapable of

voluntarily, knowingly, and intelligently waiving his *Miranda* rights' " (*People v John,* 288 AD2d 848, 848 [2001], *lv denied* 97 NY2d 705 [2002]).

Defendant's contention that the court erred in failing to have the voir dire recorded is not properly before us because defense counsel expressly waived the recording of the voir dire (*see People v Collins,* 288 AD2d 860, 861 [2001], *lv denied* 97 NY2d 752 [2002]; *cf. People v Vasquez,* 89 NY2d 521, 534 [1997]). Although a "single, substantial error by counsel [may] so seriously compromise[ ] a defendant's right to a fair trial" that the defendant is thereby deprived of effective assistance of counsel, we cannot agree with the further contention of defendant that defense counsel's waiver herein constitutes ineffective representation (*People v Hobot,* 84 NY2d 1021, 1022 [1995]). The court's questions to the prospective jurors were recorded, and defense counsel limited the waiver by requesting that any objection be recorded. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.