■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY CLARK, Appellant. [776 NYS2d 656]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 10, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, kidnapping in the second degree, criminal possession of a weapon in the second degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, dismissing count three of the indictment and reducing the sentences

imposed on counts one, two and four of the indictment to determinate terms of incarceration of seven years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first and second degrees (Penal Law § 160.15 [4]; § 160.10 [1]), kidnapping in the second degree (§ 135.20) and criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that he was denied effective assistance of counsel because, among other things, counsel failed to move to suppress a pager found on defendant's person. Where, as here, a defendant challenges the effectiveness of counsel based on counsel's failure to make certain motions, the defendant must establish that the motions, if made, "would have been successful and that counsel otherwise failed to provide meaningful representation" (*People v Willis*, 261 AD2d 946, 946 [1999], *lv denied* 93 NY2d 1029 [1999]; *see People v Carter*, 281 AD2d 919 [2001], *lv denied* 96 NY2d 860 [2001]; *People v Ayala*, 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]). A single error, alone, may constitute ineffective assistance of counsel justifying a new trial, but only if it "seriously compromises a defendant's right to a fair trial" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]; *see People v Snider*, 2 AD3d 1452 [2003]). Even assuming, arguendo, that a motion to suppress the pager would have been successful, we conclude that defendant failed to demonstrate that he was otherwise denied effective representation or that the failure to make that motion seriously compromised his right to a fair trial. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

We reject the further contention of defendant that he was subjected to a full-blown arrest. We conclude that he was properly subjected to a nonarrest detention at the scene of the crime for a showup identification by the victim (*see People v Hicks*, 68 NY2d 234, 240 [1986]; *see also People v Allen*, 73 NY2d 378, 380 [1989]). We also reject the contention of defendant that he was denied his right to be present at a material stage of the trial. Even assuming, arguendo, that defendant met his burden of establishing that he was not present during sidebar conferences with prospective jurors (*see People v Velasquez*, 1 NY3d 44, 48 [2003]), we nevertheless conclude that defendant's presence at those conferences was not required because each of the prospective jurors was dismissed for cause (*see People v Maher*, 89 NY2d 318, 325 [1996]; *People v Vargas*,

88 NY2d 363, 378 [1996]; *People v Feliciano,* 88 NY2d 18, 28 [1996], *rearg denied* 88 NY2d 920 [1996]).

We agree with defendant, however, that the judgment insofar as it convicts defendant of criminal possession of a weapon in the second degree must be reversed. The People presented proof that defendant, as either a principal or an accomplice, possessed two different firearms, but defendant was indicted for possession of only one. Nothing in the bill of particulars or instructions given by County Court specified which firearm defendant was alleged to have possessed and thus it is possible that defendant was convicted of an unindicted crime (*see People v McNab,* 167 AD2d 858 [1990]; *see also People v Burnett,* 306 AD2d 947, 947-948 [2003]; *People v Burns,* 303 AD2d 1032, 1033 [2003]).

We also conclude that the concurrent, determinate terms of incarceration imposed on the remaining counts of the indictment should be reduced as a matter of discretion in the interest of justice (*see People v Delgado,* 80 NY2d 780 [1992]). Defendant, who has no prior felony convictions and no history of violent crime, was offered a sentence of a determinate term of incarceration of 3¹/₂ years as part of a plea bargain. The codefendant who masterminded the criminal acts and who also has a long history of violent crimes and felony convictions was sentenced to a term of incarceration of only five years as a result of his cooperation with the prosecution. Under the circumstances, we conclude that the sentence imposed of determinate terms of incarceration of 15 years is unduly harsh and severe. We therefore modify the judgment by reversing that part convicting defendant of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, dismissing count three of the indictment and reducing the sentences imposed on counts one, two and four of the indictment to determinate terms of incarceration of seven years.

All concur except Scudder and Hayes, JJ., who dissent in part in accordance with the following memorandum.

Scudder and Hayes, JJ. (dissenting in part). We respectfully dissent in part, because we do not believe that the sentence of concurrent determinate terms of imprisonment of 15 years is unduly harsh and severe, and we therefore would not reduce the sentence as a matter of discretion in the interest of justice. In our view, a reduction of the sentence is not warranted on these facts. Defendant was convicted of participating in the kidnapping and robbery of a 17-year-old purported drug dealer who was tackled on the street at gunpoint, stripped of his boots and pants, and placed in the back seat of the car he had been driving. In the car, his hands and feet were bound with duct

tape, a ski hat was pulled down over his face and he was transported to another location. A codefendant, who cooperated with the prosecution and testified against defendant, struck the victim in the head several times with a handgun while demanding to know where drugs and money could be found. The police arrived shortly after the group arrived at the house where the victim was taken. Defendant was apprehended by police as he attempted to escape out of a window, and the victim's pager was recovered from defendant. Defendant was offered a generous plea bargain in exchange for his cooperation with the prosecution. Defendant refused to admit to his participation in the crimes, however, and County Court therefore declined to accept his plea.

Defendant contends that the sentence is unduly harsh and severe because it is disproportionate to the sentence offered in exchange for a guilty plea, and because the codefendant who planned the kidnapping and robbery received a sentence of five years in exchange for his plea and his cooperation with the prosecution. In our view, "[d]efendant has not shown that the sentencing court abused its discretion or that extraordinary circumstances warrant a reduction of the sentence" (*People v Burse,* 234 AD2d 950, 951 [1996], *lv denied* 89 NY2d 1033 [1997]). Although the sentence offered in connection with the plea bargain was substantially less than the sentence imposed, "[g]iven that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater . . ., it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena,* 50 NY2d 400, 412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]; *see Matter of Kelly v Safir,* 96 NY2d 32, 40 [2001], *rearg denied* 96 NY2d 854 [2001]). Defendant declined to avail himself of the People's offer of leniency in exchange for his cooperation in the prosecution of his codefendants, and he should not now benefit from the fact that his codefendant availed himself of that offer. In our view, the court properly exercised its discretion in sentencing defendant after giving due consideration to "the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (*People v Farrar,* 52 NY2d 302, 305 [1981]). The court noted that defendant refused to admit responsibility for his role as an accomplice in the crimes, and concluded that his refusal to admit responsibility made him a danger and risk to the community. The court further noted that defendant "willingly went along with this act," that the conduct of defendant and the

codefendants was "outrageous," and that "the message has to be that when you participate in that [type of conduct], no matter what your role, you go to jail for a long period of time." Thus, we conclude that the sentence is neither unduly harsh nor severe and we therefore would not reduce it. Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.