■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JOHNSON, Appellant. [782 NYS2d 235]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered February 27, 2002. The judgment convicted defendant, after a nonjury trial, of burglary in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of two counts of burglary in the first degree (Penal Law § 140.30 [1], [4]), and one count each of criminal possession of a weapon in the second degree (§ 265.03 [2]), criminal possession of a weapon in the third degree (§ 265.02 [1]), and menacing in the second degree (§ 120.14 [1]). Defendant made only a general motion to dismiss at the close of the People's case and thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Horn,* 302 AD2d 975 [2003], *lv denied* 100 NY2d 539 [2003]). In any event, we conclude that defendant's contention lacks merit (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). We also reject the contention of defendant that the verdict convicting him of criminal possession of a weapon and menacing is against the weight of the evidence (*see id.*).

Contrary to the contention of defendant, we further conclude that he received meaningful representation. "Where, as here, a defendant challenges the effectiveness of counsel based on counsel's failure to make certain motions, the defendant must establish that the motions, if made, . . . 'would have been successful and that counsel otherwise failed to provide meaningful representation' " (*People v Clark,* 6 AD3d 1066, 1067 [2004], quoting *People v Willis,* 261 AD2d 946, 946 [1999], *lv denied* 93

NY2d 1029 [1999]; *see People v Ayala,* 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]). Defendant contends that defense counsel should have challenged the search conducted by police at the residence of a third party as well as that party's alleged consent to the search. Defendant, however, failed to establish that he had any legitimate expectation of privacy in that residence and thus failed to establish that he had standing to challenge the search of the residence or his arrest therein (*see People v Ortiz,* 83 NY2d 840, 842-843 [1994]; *People v Rodriguez,* 69 NY2d 159, 164 [1987]). Defendant therefore failed to establish that such a challenge would have been successful. The additional instances of ineffective assistance of counsel set forth by defendant on appeal are equally lacking in merit. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Hobot,* 84 NY2d 1021, 1022 [1995]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.