■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY PETERSON, Appellant. [796 NYS2d 796]—

Appeal by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Anthony F. Aloi, J.), entered May 30, 2002. The order denied defendant's motion pursuant to CPL 440.10 to vacate a judgment of conviction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from an order denying his CPL 440.10 motion to vacate a judgment of conviction, defendant contends that he was denied effective assistance of counsel at his trial on the ground that counsel failed to make a motion to suppress eavesdropping tapes based on an alleged violation of CPL 700.50 (2). Defendant has failed to establish that "the motion, if made, would have been successful and has failed to establish that counsel failed to provide meaningful representation" (*People v Ayala*, 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]; *see People v Johnson*, 11 AD3d 979, 979-980 [2004], *lv denied* 3 NY3d 757 [2004]; *People v Clark*, 6 AD3d 1066, 1067 [2004], *lv denied* 3 NY3d 638 [2004]).

Pursuant to CPL 700.50 (2), immediately upon expiration of the period of an eavesdropping warrant, the recordings of communications "must be made available to the issuing judge and sealed under his [or her] directions." Eavesdropping warrants expire either on the expiration date set forth in the warrant or "upon attainment of the authorized objective" (CPL 700.30 [7]; *see People v Bialostok*, 80 NY2d 738, 746-747 [1993]; *People v Fonville*, 247 AD2d 115, 126 [1998]). The tapes were sealed before the expiration date set forth in the warrant, but defendant contends that the tapes should have been sealed on the date he was arrested because, at that time, the People had attained their authorized objective. Contrary to that contention, the record establishes that there were many targets of the investigation and thus we agree with the People that they had not "completely achieved" the investigative objectives of the

warrant at the time of defendant's arrest (*Fonville*, 247 AD2d at 126). We therefore conclude that defendant has failed to establish that the motion, if made, would have been successful and thus failed to establish that he was denied effective assistance of counsel (*see Clark*, 6 AD3d at 1067). Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.