■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD COHEN, Appellant. [662 NYS2d 310] —Judgment, Su-

preme Court, New York County (Jerome Hornblass, J.), rendered March 22, 1993, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 2½ to 7½ years, and order, same court and Justice, entered on or about July 23, 1996, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Reversal is not warranted by the court's refusal to provide defendant with the complete examination reports, prepared pursuant to CPL article 730, of an accomplice who testified for the People. Defendant failed to make a sufficient showing to overcome the confidentiality (CPLR 4507) of these reports (see, People v Gissendanner, 48 NY2d 543, 548-549; People v Lussier, 205 AD2d 910, lv denied 83 NY2d 1005, cert denied 513 US 1078; People v Baez, 183 AD2d 481, lv denied 80 NY2d 901; cf., People v Mandel, 48 NY2d 952, cert denied 446 US 949).

Since defendant's Rosario claim has been raised by way of CPL article 440, a standard of prejudice rather than per se reversal would apply (People v Machado, 90 NY2d 187). We conclude that there was no reasonable possibility that the nondisclosure contributed to the verdict. The undisclosed factual recitations were cumulative to a wealth of impeachment material presented to the jury concerning the accomplice's background, mental condition at the time of the crime, and prior inconsistent statements. Moreover, there was ample evidence of guilt supplied by witnesses other than the accomplice.

Defendant's contention that the court's Sandoval ruling erroneously permitted the prosecutor to question him, should he take the stand, about an unrelated pending or potential criminal charge is not borne out by the record.

We have considered defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin and Williams, JJ.