■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GRANVILLE BARRETT, Respondent. [682 NYS2d 132] —Order, Supreme Court, New York County (Colleen McMahon, J.), entered October 17, 1996, which vacated, pursuant to CPL 440.10, a judgment convicting defendant of grand larceny in the third degree and possession of burglar's tools, and sentencing him to concurrent terms of 6 months and a term of probation of 5 years conditioned upon the performance of 300 hours of community service, unanimously reversed, on the law, defendant's motion denied, and the judgment of conviction reinstated.

Where defendant's *Rosario* claim is adjudicated pursuant to a post-judgment CPL 440.10 motion, even one brought before his direct appeal is exhausted, it is error to apply a "per se" rule (*People v Machado*, 90 NY2d 187; *see, People v Cohen*, 242 AD2d 473, *lv denied* 91 NY2d 871; *People v Kronberg*, 243 AD2d 132, *lv denied* 92 NY2d 880; *People v Oliviery-Perez*, 248 AD2d 645, *lv denied* 91 NY2d 1011). Rather, defendant was required to demonstrate "a reasonable possibility that the prosecution's failure to make *Rosario* disclosure materially contributed to the verdict" (*People v Machado*, 90 NY2d, *supra*, at 188-189). Application of this standard to the court's explicit factual finding that defendant suffered no prejudice mandates reversal of the order and reinstatement of the conviction. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.