■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McCOY, Appellant. (Appeal No. 1.) [801 NYS2d 175]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered October 31, 2002. The judgment convicted defendant, upon his plea of guilty, of driving in the wrong direction on a roadway designated and signposted for one-way traffic.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Mèmorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving in the wrong direction on a roadway designated and signposted for one-way traffic (Vehicle and Traffic Law § 1127 [a]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). We reject the contention of defendant with respect to both appeals that he was deprived of effective assistance of counsel because defense counsel pursued "a single erroneous legal theory" on a motion to suppress evidence. To the extent that the contention of defendant survives his pleas of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Defendant has failed to establish that different suppression motion theories, if advanced, would have been successful (*see People v Peterson*, 19 AD3d 1015 [2005]; *People v Phelps*, 4 AD3d 863, 864 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Coleman*, 305 AD2d 1031 [2003], *lv denied* 100 NY2d 579 [2003]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*Ford*, 86 NY2d at 404; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *Phelps*, 4 AD3d at 864). Finally, defendant's bargained-for sentence in appeal No. 2 is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.