█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTGOMERY W. MATTHEWS, Appellant. [811 NYS2d 514]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered November 18, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, grand larceny in the fourth degree, criminal mischief in the third degree and driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, burglary in the third degree (Penal Law § 140.20) arising out of the burglary of the Rathbone Town Hall, defendant contends that he was deprived of a fair trial because of prejudicial conduct of the court clerk during the trial. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *People v Chase*, 265 AD2d 844, 844-845 [1999], *lv denied* 94 NY2d 902 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the

interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that he was denied the right to effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant has failed to show that a pretrial motion to suppress evidence, if made, would have been successful and has failed to establish that defense counsel failed to provide meaningful representation (*see People v McCoy*, 21 AD3d 1275, 1276 [2005]; *People v Ayala*, 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]). Finally, defendant contends that reversal is warranted based on prosecutorial misconduct on summation. Although the prosecutor improperly shifted the burden of proof to defendant and inappropriately referred to a conspiracy where none was charged, County Court properly instructed the jury that the People were required to prove beyond a reasonable doubt every element of the crimes charged and that the burden of proof never shifted to defendant. Thus, the prosecutor's improper comments did not deprive defendant of a fair trial, inasmuch as "the court clearly and unequivocally instructed the jury that the burden of proof on all issues [with respect to the crimes charged] remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950 [1999], *lv denied* 93 NY2d 1024 [1999]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.