THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. MARCIAL, Appellant. (Appeal No. 1.) [837 NYS2d 815]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered July 15, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law former § 220.21 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and criminally using drug paraphernalia in the second degree (§ 220.50 [2]). In appeal No. 2, he appeals from a judgment convicting him, upon the same jury verdict, of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject the contention of defendant in each appeal that he was denied effective assistance of counsel. Defense counsel's failure "to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Torrence*, 135 AD2d 1075 [1987], *lv denied* 70 NY2d 1011 [1988]). To prevail on that ground, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to [make such a motion]" (*Rivera*, 71 NY2d at 709; *see People v Morris*, 37 AD3d 1088, 1089 [2007]). Stated differently, defendant must show that the particular motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation (*see People v Matthews*, 27 AD3d 1115, 1116 [2006]; *People v Oliver*, 24 AD3d 1305 [2005], *lv denied* 6 NY3d 836 [2006]; *People v Silverio-Mercedes*, 239 AD2d 923 [1997], *lv denied* 90 NY2d 943 [1997]). Here, defendant contends that defense counsel's failure to challenge the legitimacy of the search warrant and to seek suppression of the critical physical evidence found on his person constituted ineffective assistance of counsel. The search warrant at issue was sealed by court order and is not a part of the record

on appeal, and we therefore are unable to review that part of defendant's contention with respect to the search warrant. With respect to the search of defendant's person, we note that it is troubling that defense counsel failed to seek to suppress the drugs found on defendant's person because a lack of physical evidence would have been defendant's only conceivable defense to that drug possession charge. Nevertheless, "prudence dictates that the issue of ineffective assistance of counsel be raised in a posttrial application . . . where 'a thorough evaluation of each claim based on a complete record' can be made" (*People v Zeh*, 289 AD2d 692, 695 [2001], quoting *Rivera*, 71 NY2d at 709; *see Oliver*, 24 AD3d 1305 [2005]). We further conclude on the record before us that the cumulative effect of defense counsel's alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of effective assistance of counsel (*see generally People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.