(October 23, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE COVINGTON, Appellant. [843 NYS2d 606]—

Judgment, Supreme Court, New York County (Renee A. White, J., on pretrial motions; John A.K. Bradley, J., at suppression hearing; Richard D. Carruthers, J., at jury trial and sentence), rendered July 6, 2004, convicting defendant of robbery in the second degree (two counts), criminal usury in the first degree (six counts), criminal use of public benefit cards in the second degree (three counts), criminal possession of public benefit cards in the third degree and assault in the third degree, and sentencing defendant, as a second felony offender, to an aggregate term of 22½ to 30 years, and order, same court (Richard D. Carruthers, J.), entered on or about September 23, 2004, which denied defendant's CPL 440.10 and 440.20 motions to vacate the judgment and set aside sentence, unanimously affirmed.

The court properly denied defendant's CPL 330.30 (2) motion to set aside the verdict, without granting a hearing. Defendant based his juror misconduct claim on a belated hearsay statement from an attorney who overheard a conversation, two weeks earlier, allegedly relating to defendant's trial, which was then in progress. The allegations of premature discussion of the case were not supported with a sworn affidavit or affirmation from anyone, and hearsay statements will not suffice (see *People v Friedgood*, 58 NY2d 467, 473 [1983]; *People v Comfort*, 30 AD3d 1069 [2006], *lv denied* 7 NY3d 787 [2006]; *People v Salaam*, 187 AD2d 363, 364-365 [1992], *affd* 83 NY2d 51 [1993]). Nor do the

hearsay statements establish how the fellow attorney knew that the people allegedly discussing the case were jurors instead of spectators. In any event, "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (*People v Brown*, 48 NY2d 388, 394 [1979]), and defendant's allegations did not demonstrate that the alleged misconduct deprived him of a fair trial (*see People v Horney*, 112 AD2d 841 [1985], *lv denied* 66 NY2d 615 [1985]).

The court properly exercised its discretion when it denied an application to relieve counsel made, during trial, by both defendant and his attorney (*see People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 207-209 [1978]; *People v Smith*, 192 AD2d 310, 312 [1993], *affd* 82 NY2d 731 [1993]). The essential basis for the application was a strategic difference between defendant and his attorney, who reasonably refused to pursue demonstrably futile lines of defense requested by his client, and this was not the kind of fundamental conflict that would require new counsel (*see People v Davis*, 270 AD2d 162 [2000], *lv denied* 95 NY2d 795 [2000]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's admittedly "risky" decision to call a witness who had expressed hostility to defendant was appropriate, because the witness could have reasonably been expected to provide valuable exculpatory testimony (*see People v Brito*, 304 AD2d 320, 321 [2003], *lv denied* 100 NY2d 592 [2003]). While the witness was clearly hostile to defendant, counsel could not have anticipated that the witness would not merely be unhelpful, but would affirmatively inculpate defendant by blatantly lying under oath. Moreover, the record establishes that defendant was fully aware of the risk and approved of the decision. In any event, even if counsel should not have called this witness, his decision to do so did not cause defendant any prejudice. The court prevented any prejudice when it gave a thorough curative instruction, in which it not only struck the testimony but expressly told the jury to discredit it and draw no adverse inferences against either side. Defendant's remaining ineffective assistance claims are without merit.

The grand jury proceedings were not unlawfully defective, and the possession of benefit cards conviction was not unconstitutionally obtained. We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.