■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND E. BLAIR, Appellant. [846 NYS2d 847]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered June 16, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to request a hearing seeking to suppress physical evidence seized by the police during an inventory search of his vehicle before it was towed. The record establishes that defendant was approached by a New York State Trooper when he was backing his vehicle down an entrance ramp in an effort to remove it to a parking lot because it had a flat tire. The Trooper testified at trial that, pursuant to the rules and regulations of the State Police, he was required to contact a towing service after determining that the vehicle was unsafe to drive and that he was required to conduct an inventory of the contents of the vehicle before it was towed. During the course of the inventory search, the Trooper discovered a bottle of prescription medication belonging to a person other than defendant. The Trooper seized that evidence, and defendant was issued an appearance ticket for a violation of Public Health Law § 3304. After the Trooper determined that none of the items in the vehicle had at that time been reported stolen, defendant was permitted to remove some tools and a chainsaw from the vehicle, and defendant's friend took those items. It was later determined, however, that the home of the person whose name appeared on the bottle of prescription medication had been burglarized but that the burglary was not reported until several weeks after the inventory search inasmuch as the person who would have reported the burglary was away. Items reported stolen included a chainsaw, a television and jewelry. The record establishes that the Trooper completed a "meaningful inventory list" at the scene setting forth the items that remained in the vehicle, including a gold chain and a television (*People v Johnson*, 1 NY3d 252, 256 [2003]; *cf. People v Galak*, 80 NY2d 715, 720 [1993]). Contrary to defendant's contention, "[t]he inven-

tory search was not rendered invalid because the [Trooper] failed to secure and catalogue every item found in the vehicle" (*People v Owens*, 39 AD3d 1260, 1261 [2007], *lv denied* 9 NY3d 849 [2007]), i.e., he allowed defendant's friend to take the chainsaw and tools and did not catalog those items. We conclude that the objectives of an inventory search were met here, inasmuch as the Trooper catalogued the items remaining in the vehicle in an effort to protect the property, to protect the police and the garage owner against a claim of lost property, and to protect the police and others from any dangerous instruments (*see generally Johnson*, 1 NY3d at 256).

We reject the contention of defendant that he was denied meaningful representation because defense counsel failed to seek suppression of the physical evidence seized from his vehicle. Defendant failed to show the absence of any strategic or legitimate explanation for defense counsel's failure to request a suppression hearing or, "[s]tated differently, [he failed to show that a request for suppression] would have been successful and that defense counsel's failure to [request suppression] deprived him of meaningful representation" (*People v Marcial*, 41 AD3d 1308, 1308 [2007], *lv denied* 9 NY3d 878 [2007]; *see People v Matthews*, 27 AD3d 1115, 1116 [2006]). Despite the incriminating nature of the property in defendant's vehicle that was either seized from the vehicle or observed by the Trooper, defendant has failed to demonstrate that defense counsel's failure to request a suppression hearing was not an appropriate exercise of professional judgment based upon "a reasonable conclusion . . . that there [was] no colorable basis for a hearing" (*People v Rivera*, 71 NY2d 705, 709 [1988]).

We reach the same conclusion with respect to the contention of defendant that he was denied meaningful representation based on defense counsel's failure to request a *Huntley* hearing and the contention of defendant in his pro se supplemental brief that he was denied effective representation based on defense counsel's failure to request a *Wade* hearing. "[T]he evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). We have reviewed the remaining contentions contained in the pro se supplemental brief and conclude that they are without merit. Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.