— Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 15, 2005, convicting him of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated December 12, 2006, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered March 15, 2005.
Ordered that the judgment and the order are affirmed.
The Supreme Court properly denied, without a hearing, the defendant’s motion to set aside the verdict pursuant to CPL 330.30 (2), based upon alleged juror misconduct (see People v Martin, 54 AD3d 776 [2008]; People v Vincent, 48 AD3d 835 [2008]; People v Covington, 44 AD3d 510 [2007]; cf. People v Maragh, 94 NY2d 569 [2000]; People v Magnano, 175 AD2d 639 [1991]; People v Gardella, 55 AD2d 607 [1976]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that, contrary to the defendant’s contention, the verdict *576 of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The court also correctly denied, without a hearing, the defendant’s motion pursuant to CPL 440.10 to vacate his conviction, inasmuch as the defendant failed to demonstrate that there was a Rosario violation (see People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961]) or that, if such violation did occur, there was a reasonable possibility that any failure by the prosecution to make Rosario disclosure materially contributed to the verdict (see People v Machado, 90 NY2d 187, 188-189 [1997]; People v Cohen, 242 AD2d 473 [1997]; People v Adorno, 202 AD2d 439 [1994]). Fisher, J.P., Miller, Dillon and Eng, JJ., concur.