The People of the State of New York, Respondent, v Shaun M. Salsbery, Appellant. [911 NYS2d 547]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered July 27, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25). We reject the contention of defendant that he received ineffective assistance of counsel and instead conclude that the "cumulative effect of defense counsel's alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of effective assistance of counsel" (*People v Marcial*, 41 AD3d 1308, 1309 [2007], *lv denied* 9 NY3d 878 [2007]; *see People v Brown*, 266 AD2d 838, 839 [1999], *lv denied* 94 NY2d 860 [1999]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). In support of his contention, defendant asserts that defense counsel should not have called as a witness one of defendant's friends who acted in concert with defendant in committing the crimes. As the People correctly note, however, the theory of the defense was that defendant believed that his friend had permission to enter the garage from which they took the all-terrain vehicle in question and that defendant intended to purchase it for his children. Thus, defendant has failed to show that defense counsel had no strategic explanation for calling defendant's friend as a witness (*see People v Covington*, 44 AD3d 510, 511 [2007], *lv denied* 9 NY3d 1032 [2008]; *see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *Baldi*, 54 NY2d at 147). Defendant has likewise failed to demonstrate that defense counsel had no strategy in eliciting testimony that defendant was in possession of drugs when the police questioned him, and in questioning defendant with respect to his criminal history. The possession of drugs provided an explanation for defendant's having fled the scene of the accident as well as for defendant's cursory responses to questioning by the police (*see People v Rodriguez*, 196 AD2d 514 [1993], *lv denied* 82 NY2d 807 [1993]; *see generally Baldi*, 54 NY2d at 147), and pursuant to the court's *Sandoval* ruling the prosecutor was permitted to question defendant with respect to his criminal history in any event. Although we are troubled by the fact that defense counsel did not request a *Huntley* hearing in connection with defendant's statements to the police, we note that defense counsel otherwise provided a cogent and rational defense that addressed those statements.

Thus, we conclude that the failure to request a *Huntley* hearing does not rise to the level of ineffective assistance of counsel (*see People v Webster*, 56 AD3d 1242, 1242-1243 [2008], *lv denied* 11 NY3d 931; *Marcial*, 41 AD3d 1308 [2007]; *People v Jurjens*, 291 AD2d 839 [2002], *lv denied* 98 NY2d 652 [2002]). In addition, we conclude that defendant has failed to show that defense counsel was ineffective in failing to object to questioning by the prosecutor concerning defendant's pretrial silence (*see Brown*, 266 AD2d at 839; *People v Davis*, 111 AD2d 252 [1985]). "Although a prosecutor generally may not use the pretrial silence of a defendant to impeach his or her trial testimony [and to comment on that silence on summation] . . . , that general rule does not apply where, as here, 'a defendant speaks to the police and omits exculpatory information which he [or she] presents for the first time at trial' " (*People v Harris*, 57 AD3d 1523, 1524 [2008], *lv denied* 12 NY3d 817 [2009]; *see generally People v Savage*, 50 NY2d 673, 680-682 [1980], *cert denied* 449 US 1016 [1980]). We therefore further conclude that defendant was not denied a fair trial based on alleged prosecutorial misconduct in connection with his pretrial silence.

Defendant failed to object to County Court's ultimate *Sandoval* ruling and thus failed to preserve for our review his contention that the court erred in allowing or, alternatively, in failing to limit cross-examination concerning his prior convictions (*see People v Anthony*, 74 AD3d 1795 [2010], *lv denied* 15 NY3d 849 [2010]; *People v Miller*, 59 AD3d 1124, 1125 [2009], *lv denied* 12 NY3d 819 [2009]). In any event, we conclude that the court did not abuse its discretion in precluding the prosecutor from cross-examining defendant with respect to one remote conviction in 1997 but in otherwise allowing the prosecutor to cross-examine defendant with respect to his remaining convictions. Defendant's drug-related convictions and convictions for criminal mischief and resisting arrest showed the willingness of defendant to place his own interests above those of society (*see People v Davenport*, 38 AD3d 1064, 1065 [2007]; *People v Carter*, 34 AD3d 1342 [2006], *lv denied* 8 NY3d 844 [2007]; *People v Mangan*, 258 AD2d 819, 820-821 [1999], *lv denied* 93 NY2d 927 [1999]). Additionally, defendant's convictions for theft of services, attempted petit larceny, and criminal contempt involved acts of dishonesty and thus were probative with respect to the issue of defendant's credibility (*see People v Robles*, 38 AD3d 1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]; *People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Carni, Sconiers and Pine, JJ.