# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

510

KA 09-01639

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CHARLES HAWKINS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 28, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]). We agree with defendant that his "waiver of his right to appeal was invalid because [County Court] conflated the appeal waiver with the rights automatically waived by the guilty plea" (*People v Martin*, 88 AD3d 473, 474; *see People v Tate*, 83 AD3d 1467, 1467; *People v Daniels*, 68 AD3d 1711, 1712, *lv denied* 14 NY3d 887; *see generally People v Moyette*, 7 NY3d 892, 892-893). Thus, contrary to the People's contentions, defendant's remaining challenges are not encompassed by that waiver.

Defendant contends that, because he did not personally recite the elements of the offense to which he pleaded guilty and gave monosyllabic responses to the court's questions during the plea allocution, the plea colloquy does not sufficiently establish that he understood the nature of the offense to which he was pleading guilty and thus casts doubt upon the voluntariness of his plea. Those contentions are actually addressed to the factual sufficiency of the plea allocution, and defendant failed to preserve them for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665; *People v Jamison*, 71 AD3d 1435, 1436, *lv denied* 14 NY3d 888; *People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932). This case does not fall within the narrow exception to the preservation requirement set forth in *Lopez* (71 NY2d

at 666).  In addition, "[d]efendant failed to preserve for our review his further contention concerning the failure to comply with the procedural requirements set forth in CPL 400.21" (*People v Thompson*, 83 AD3d 1535, 1536; *see People v Pellegrino*, 60 NY2d 636, 637; *People v Dorrah*, 50 AD3d 1619, *lv denied* 11 NY3d 736).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, "there is no evidence in the record indicating an abuse of discretion by the court in denying the motion for substitution of counsel [where, as here, the] defendant failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (*People v Porto*, 16 NY3d 93, 100-101; *see People v Beriguette*, 84 NY2d 978, 980, *rearg denied* 85 NY2d 924; *People v Sides*, 75 NY2d 822, 824).  With respect to defendant's contention that he received ineffective assistance of counsel, it is well settled that, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).  Here, "[t]o the extent that the contention of defendant survives his plea[] of guilty" (*People v McCoy*, 21 AD3d 1275, 1276, *lv denied* 6 NY3d 756; *see People v Burke*, 256 AD2d 1244, *lv denied* 93 NY2d 851), we conclude that defendant was afforded meaningful representation (*see generally Ford*, 86 NY2d at 404).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court