# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**800**

**KA 10-01823**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

VENICE J. NESMITH, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered July 30, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court (Crimi, A.J.) abused its discretion in issuing a protective order that allowed the People to withhold from the defense until the time of trial the identity of an eyewitness to the crime, who was referred to in the People's CPL 710.30 notice as "Witness A." We agree. CPL 240.50 (1) provides that a protective order may be issued upon a showing of "good cause," which includes "a substantial risk of physical harm [or] intimidation." Here, the People's moving papers merely asserted in conclusory fashion that there was a substantial risk that Witness A would be harmed and/or intimidated if his or her identity were disclosed, and they offered no evidence in support of that claim (*cf. People v Mileto*, 290 AD2d 877, 879, *lv denied* 97 NY2d 758; *People v Robinson*, 200 AD2d 693, 694, *lv denied* 84 NY2d 831). We further conclude, however, that defendant was not prejudiced by the protective order inasmuch as a notice pursuant to CPL 710.30 need not name an identifying witness (*see People v Poles*, 70 AD3d 1402, 1403, *lv denied* 15 NY3d 808; *see generally People v Lopez*, 84 NY2d 425, 428; *People v Ocasio*, 183 AD2d 921, 922-923, *lv dismissed* 80 NY2d 932), and "[t]here is neither a constitutional nor statutory obligation mandating the pretrial disclosure of the identity of a prosecution witness" (*People v Miller*, 106 AD2d 787, 788; *see generally People v Lynch*, 23 NY2d 262, 272; *People v Stacchini*, 108 AD3d 866, 867). Thus, we conclude that the court's error is harmless inasmuch as the People did not need a protective order to withhold the witness's identity until trial (*see*

*generally* CPL 470.05 [1]).

Defendant further contends that he was deprived of effective assistance of counsel based on errors in his attorney's presentation of an alibi defense at trial.  We reject that contention.  Although defendant testified at trial and undermined his alibi defense during direct examination by defense counsel, nothing in the record indicates that defense counsel could have anticipated that defendant would offer the harmful testimony (*see People v Covington*, 44 AD3d 510, 511, *lv denied* 9 NY3d 1032; *see generally People v Henry*, 95 NY2d 563, 566; *People v Crosdale*, 103 AD3d 749, 750, *lv denied* 21 NY3d 1003).  Morever, even though defendant's other alibi witness was impeached by a prior statement that she made to a defense investigator, "counsel cannot be held ineffective because the People impeached the alibi witness[ ]" (*People v Wragg*, 26 NY3d 403, 412; *see People v Collins*, 203 AD2d 888, 889, *lv denied* 84 NY2d 934, *reconsideration denied* 85 NY2d 861; *see generally People v Smith*, 82 NY2d 731, 733).  Defendant's remaining complaints of ineffectiveness reflect mere disagreements with defense counsel's trial strategy, which do not amount to ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713).

Finally, we reject defendant's contention that the prosecutor improperly shifted the burden of proof on summation.  We note in any event that County Court (Castro, A.J.) repeatedly instructed the jury that the burden of proof on all issues remained with the prosecution (*see People v Matthews*, 27 AD3d 1115, 1116).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court