People v Rogers (2018 NY Slip Op 02073)





People v Rogers


2018 NY Slip Op 02073


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


319 KA 15-00743

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES E. ROGERS, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered November 6, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We agree with defendant that his waiver of the right to appeal is not valid inasmuch as County Court conflated the right to appeal with those rights automatically forfeited by the guilty plea (see People v Hawkins, 94 AD3d 1439, 1439-1440 [4th Dept 2012], lv denied 19 NY3d 974 [2012]). Thus, the record fails to establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]).
With respect to the merits of the appeal, even assuming, arguendo, that defendant's contention that some of the proceedings were electronically recorded and later transcribed in violation of Judiciary Law § 295 survives his guilty plea (see generally People v Harrison, 85 NY2d 794, 796-797 [1995]), we conclude that the contention is unpreserved for our review inasmuch as defendant did not object to the court's use of the electronic recording device and the absence of a stenographer (see People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). In any event, defendant did not satisfactorily demonstrate that he was prejudiced in taking his appeal such that reversal is warranted (see People v Wanass, 55 Misc 3d 97, 100 [App Term, 1st Dept 2017]). We further conclude that defendant's sentence is not unduly harsh or severe.
Defendant has failed to preserve his remaining contentions for our review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court