People v Riley (2020 NY Slip Op 02408)





People v Riley


2020 NY Slip Op 02408


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


253 KA 15-01898

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES A. RILEY, DEFENDANT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 26, 2015. The judgment convicted defendant upon a nonjury verdict of predatory sexual assault against a child (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of three counts of predatory sexual assault against a child (Penal Law § 130.96), defendant contends that the victim's trial testimony rendered duplicitous count two of the indictment. Defendant failed to preserve that contention for our review (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Box, 145 AD3d 1510, 1512-1513 [4th Dept 2016], lv denied 29 NY3d 1076 [2017]). In any event, we conclude that reversal is not required. Counts one and three of the indictment alleged that defendant engaged in sexual intercourse with the victim on two separate occasions, each happening in a different time frame. Count two alleged that, during the same time frame in which the incident addressed in count one occurred, defendant also engaged in one act of anal sexual conduct with the victim. Even assuming, arguendo, that the victim's testimony established that there were two separate incidents of anal sexual conduct (see Penal Law
§ 130.00 [2] [b]), we conclude that, based on the evidence presented at trial, there is an adequate basis in the record to connect count two of the indictment to a particular incident of anal sexual conduct, and there is no danger that Supreme Court, sitting as the finder of fact, convicted defendant of that count based on a different incident of anal sexual conduct from that alleged in the indictment (see People v Sinha, 84 AD3d 35, 44 [1st Dept 2011], affd 19 NY3d 932 [2012]; People v Ramirez, 99 AD3d 1241, 1242 [4th Dept 2012], lv denied 20 NY3d 988 [2012]; cf. People v Dukes, 122 AD3d 1370, 1371-1372 [4th Dept 2014], lv denied 26 NY3d 928 [2015]). The testimony and the prosecutor's summation "made it clear" that defendant's charge of anal sexual conduct stemmed from the same incident as count one and, as a result, "there is no reasonable possibility that the [court] may have convicted defendant of [a] different act[]" (People v Kessler, 122 AD3d 1402, 1405 [4th Dept 2014], lv denied 25 NY3d 990 [2015]).
We reject defendant's further contention that reversal is required based on the alleged variance between the time frames of the incidents alleged in the indictment and the victim's testimony with respect to those time frames. The victim's confusion concerning which of the incidents occurred first did not deprive defendant of the right to a fair trial or the right to present a defense inasmuch as corroborating details established that the incidents occurred at or around the time frames set forth in the indictment. Moreover, with respect to each offense, "the time of the offense is not a material element," and any variance between the time frames alleged in the indictment and the victim's testimony was "relatively minor" (People v Davis, 15 AD3d 920, 921 [4th Dept 2005], lv denied 4 NY3d 885 [2005], reconsideration denied 5 NY3d 787 [2005]; see People v La Marca, 3 NY2d 452, 458-459 [1957], mot to amend remittitur granted 3 NY2d 933-934, 942 [1957], rearg denied 3 NY2d 942 [1957], cert denied 355 US 920 [1958], rearg [*2]denied 4 NY2d 960 [1958]; cf. People v Bigda, 184 AD2d 993, 993-994 [4th Dept 1992]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that he was denied effective assistance of counsel based upon several acts or omissions on the part of defense counsel. Regarding defense counsel's decision to waive a Huntley hearing, defendant has failed to show that a request for suppression "would have been successful and that defense counsel's failure to [seek suppression] deprived him of meaningful representation" (People v Marcial, 41 AD3d 1308, 1308 [4th Dept 2007], lv denied 9 NY3d 878 [2007]; see People v Snyder, 100 AD3d 1367, 1369-1370 [4th Dept 2012], lv denied 21 NY3d 1010 [2013]; People v Blair, 45 AD3d 1443, 1445 [4th Dept 2007], lv denied 10 NY3d 838 [2008]). We note that it does not appear that defendant was in custody when he spoke to the police, and he was not arrested until a later date.
We have reviewed defendant's remaining challenges to defense counsel's representation and conclude that they lack merit. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v
Baldi, 54 NY2d 137, 147 [1981]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court