People v Williams (2020 NY Slip Op 07818)





People v Williams


2020 NY Slip Op 07818


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1214 KA 15-02118

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK R. WILLIAMS, JR., DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered November 19, 2015. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We agree with defendant that his waiver of the right to appeal is not valid inasmuch as County Court conflated the right to appeal with those rights automatically forfeited by the guilty plea (see People v Hawkins, 94 AD3d 1439, 1439-1440 [4th Dept 2012], lv denied 19 NY3d 974 [2012]). Thus, the record fails to establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]). Further, the court's oral colloquy "utterly 'mischaracterized the nature of the right [to appeal that] . . . defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US — , 140 S Ct 2634 [2020]), inasmuch as "the court's advisement as to the rights relinquished [by defendant] was incorrect and irredeemable under the circumstances" (id. at 562).
To the extent that defendant challenges the voluntariness of his plea and insofar as his brief may be read as challenging the factual sufficiency of his plea allocution, those challenges are unpreserved for our review because defendant withdrew his motion to withdraw his guilty plea at sentencing (see People v Cantey, 161 AD3d 1449, 1450 [3d Dept 2018], lv denied 32 NY3d 935 [2018]). Further, this case does not fall within the rare exception to the preservation requirement (see People v Toxey, 86 NY2d 725, 726 [1995], rearg denied 86 NY2d 839 [1995]), and we decline to exercise our power to address defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court